[Civ. No. 12319. First Dist., Div. Two. May 28, 1943.]

JAMES RICO, a Minor, etc., Appellant, v. NASSER BROTHERS REALTY CO. (a Corporation) et al., Respondents.

McGuire & Lahanier and James H. Phillips for Appellant.

Charles V. Barfield for Respondent.

NOURSE, P. J.—The plaintiff, a minor, sued through his guardian ad litem for damages for personal injuries received in a theater operated by defendants when his foot was caught in the seat in front of him as another person sat down in the seat. He alleged that the injury occurred on March 26, 1936, that on March 24, 1937, he received the sum of $250 in full settlement for his injuries and thereupon gave the defendants a release in full for all damages growing out of such injuries, that said release was given by him under a mistake

of fact—that he believed his said injuries were temporary whereas he has since learned that they are permanent. On March 14, 1940, plaintiff rescinded the settlement and offered to return the money received under it. The defendants answered generally and, as a third separate defense, pleaded the settlement as a bar to this action. This defense was tried separately under the provisions of section 597 of the Code of Civil Procedure and the trial court found for the defendants. The plaintiff appeals from this judgment.

At this trial the defendants offered the judgment roll of the prior proceedings in the superior court showing that a verified petition was duly filed on behalf of the father of the minor, and the plaintiff herein, by his two attorneys asking leave to compromise the claim for $250, that the petition came on regularly for hearing, and was approved by a judge of the superior court on March 18, 1937. Proof was also made that the sum was paid in full and that a general release was given defendants on the same day, executed by the father, and witnessed by one of his attorneys. With this showing the defendants rested.

The plaintiff then offered to prove that neither the father nor the minor was present in court when the order of settlement was made, that no testimony relating to the extent of the injury was taken at the time, that no guardian had been appointed to represent the minor, that the injuries now appear to be permanent, that, prior to the order of settlement, the parents of the boy had consulted a physician who informed them that the ankle would soon heal, and that the father "was informed" that, unless they agreed to the settlement, they would be unable to recover anything. All these offers were rejected when the trial court granted the defendants' special plea. Before discussing the points raised by appellant it should be noted that there is no allegation, or offer of proof, of fraud or misrepresentation, and that the only charge of mistake is that relating to the medical advice of plaintiff's own physician.

The issues of law involved on the appeal are simple and for that reason we will not follow the specifications as they appear in the briefs. ■ The order of compromise was made in pursuance of section 1431 of the Probate Code, which reads:

"When a minor has a disputed claim for damages, money or other property against a third person, his father, . . .

shall have the right to compromise, or execute a covenant not to sue on, such claim, but before the compromise or covenant is valid it must be approved by the superior court of the county where the minor resides, upon the filing of a verified petition in writing. If the court approves the compromise or covenant and the money or the value of other property to be paid or delivered under the compromise or covenant does not exceed two thousand dollars, it may direct that the money or other property be paid or delivered to the father or mother of the minor, with or without the filing of a bond, or may require that any money so paid be deposited in a bank or trust company subject to withdrawal only upon the order of the court, or it may require a general guardian to be appointed and the money or other property to be paid or delivered to such guardian. . . . The father or mother or the guardian, upon receiving such money or other property may execute a full release and satisfaction of, or execute a covenant not to sue on the claim of the minor. . . .''

This section authorizes the father to petition for the order, and does not require the appointment of a guardian, the appearance in court of the father, or the minor, or the taking of testimony relating to the extent of the injuries. If orderly procedure, or the good judgment of the superior court, should suggest that any one of these acts should have been done, the failure to do so was merely an error, or irregularity, committed within the conceded jurisdiction of the court. Hence every offer of proof relative to any of these items was a collateral attack upon the order of compromise because it required proof *dehors* the record.

''Any judicial record may be impeached by evidence of a want of jurisdiction in the court or judicial officer, of collusion between the parties, or of fraud in the party offering the record, in respect to the proceedings.'' (Section 1916, Code Civ. Proc.) Here there is no charge of fraud or collusion. The suggestion of want of jurisdiction is based upon counsel's assertion that the superior court should have taken certain steps which the Probate Code did not require it to take.

There is no escape from the conclusion that the attack here attempted to be made upon the order of settlement is a collateral attack. The appellant does not seek to set aside that order upon any grounds upon which a direct attack could be

made. He merely seeks to ignore it, and, when faced with the special pleas, makes a collateral attack upon it.

■ The rule applicable is stated in 15 Cal.Jur. p. 45: "... a judgment or order is not subject to collateral impeachment unless it is absolutely void, and it is not void unless made or entered without authority of law, or, as usually stated, without jurisdiction." ■ A direct attack upon a judgment or order is usually one made in the same proceeding by appeal, or motion under section 473, Code of Civil Procedure, or one made in a separate suit in equity to set aside the judgment or order upon equitable grounds. A collateral attack is an attempt to avoid the effect of a judgment or order made in some other proceeding. ■ In such attack the invalidity of the former judgment or order must appear on the face of the record. (*Estate of Keet*, 15 Cal.2d 328, 333 [100 P.2d 1045] ; *McAllister* v. *Superior Court*, 28 Cal.App.2d 160, 162 [82 P.2d 462].) If such invalidity, or want of jurisdiction, does not appear on the face of the record, it will be presumed in favor of the former judgment, or order, that "what ought to have been done was not only done but rightly done." (15 Cal.Jur. p. 68, and cases cited.)

■ Upon these principles the trial court properly rejected all offers to prove those matters which appellant contends for, since the proof of all that would have shown nothing more than a possible error, or irregularity, in the former proceedings.

The judgment is affirmed.

Spence, J., and Dooling, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 26, 1943.