[Civ. No. 9147.   Third Dist.   Jan. 28, 1958.]

HARRY SEARS et al., Appellants, v. CLARA P. DeMOTA et al., Respondents.

---

*Assigned by Chairman of Judicial Council.

Francis T. Cornish for Appellants.

Jerome Politzer, Rex E. Shoop, Jones, Lane, Weaver & Daley and Richard B. Daley for Respondents.

VAN DYKE, P. J.—This is an appeal from an order dismissing an action brought to have two deeds of trust cancelled and two promissory notes secured thereby declared paid and to enjoin respondent Clara P. DeMota, as owner of the notes, from asserting any rights thereunder or to the mining property conveyed in trust by the trust deeds.

The order dismissing the action was predicated on the ground that the action was barred by two prior actions between the parties hereto and their privies involving the same notes and deeds of trust.

From a date prior to December 19, 1923 and until March 10, 1927, Victor Land and Mineral Company, a California corporation, owned the subject mining property. On December 19, 1923, it executed the first of the two promissory notes in the sum of $15,000 and secured payment by a deed of trust. On January 4, 1925, it executed the second of the two notes in the sum of $4,500 and a deed of trust securing its payment. On March 6, 1926, the Victor Company gave to Harry Sears, plaintiff-appellant herein, an option agreement which contemplated the formation of a corporation to take over the mine. Calaveras Central Mining Corporation, a plaintiff-appellant herein, was formed and on April 15th of that year Sears assigned his option to the new corporation. On March 10, 1927, title to the property was conveyed to it. It is alleged in this action that, on June 4, 1930, Calaveras Central Gold Mining Company, Ltd., leased the property; that one Delancy, since dead, had declared himself to hold the mine in trust for various beneficiaries and that the court had appointed Harry Sears, a plaintiff-appellant herein, as successor-trustee after Delancy's death.

By this action the various plaintiffs, acting in their various capacities, sought to have it declared that the two promissory notes had been paid and discharged and that their interests were no longer subject to the deeds of trust. The complaint contained factual allegations presenting various legal theories which, had they been sustained by proof, would, as contended by the plaintiffs, justify the ultimate declaratory relief sought. It was further alleged that respondent Clara P. DeMota, hereinafter called Clara, was seeking, through respondent E. O. Erickson, as present trustee under the security instruments, to have the property sold at trustee's sale.

Included in the complaint were five separate counts, in addition to the first count, for declaratory relief. These additional counts may be referred to as conspiracy counts. Therein it is alleged that various defendants, conspiring together to assert false claims to the mining property and the right to use the same, have inflicted monetary losses upon the plaintiffs in respect to their varying interests. Damages are sought in compensation.

Two previous actions had been brought by the parties plaintiff hereto and their privies. One action had been dismissed with prejudice by the plaintiffs therein. The other had proceeded to judgment. These matters were set forth in the answers of respondents and it was claimed that the dismissal with prejudice in the one action, and the judgment in the other, barred the prosecution of this action. These special defenses were first tried. The dismissal of the present action followed.

Appellants herein do not contend that they were not either parties or privies to parties in the two prior actions. We need not, therefore, discuss the history of the title to the mining property showing such status of the appellants.

The complaint in the first of the two prior actions, treated as briefly as may be done in view of the prolixity of the pleading, may be summarized as follows: Calaveras Central Mining Corporation, as plaintiff in a complaint entitled ''Complaint to Cancel Instruments and For Injunction and Damages,'' against Clara and Erickson and others, as defendants, alleged: That the notes and deeds of trust involved in this action had been executed and the notes had thereafter been assigned to Clara; that Erickson had become trustee under the deeds; that plaintiff owned the mining property; that various payments had been made upon the notes and thereafter by agreement with defendants the then owner of the mining property had executed a new note, secured by a new

deed of trust in satisfaction and discharge of the original notes, but that, notwithstanding the partial payment and the contract of novation, Clara, as successor-holder of the notes, and Erickson, as successor-trustee under the deeds of trust, refused to deliver up the notes or reconvey the property; that Erickson as such trustee was proceeding to sell at trustee's sale; that Clara and her husband, Antonio DeMota, had acquired the old notes with knowledge that the obligations thereunder had been satisfied and discharged. The complaint also contained allegations of conspiracy substantially the same as those that appear in the complaint in the present action. Judgment was asked, perpetually enjoining Clara, her husband Antonio, and Erickson, as trustee, from proceeding with the pretended sale; that it be decreed the two notes had been fully paid; that the instruments be delivered up and cancelled; and that the title of the plaintiff corporation to the mining property be quieted as against any claims of the defendants. Clara and Erickson answered the complaint. She declared that she was the owner of the notes, denied that they had been paid or that they were not in default or that she was not entitled through the trustee to require the sale of the property toward the satisfaction of the notes. Both she and Erickson generally denied all the allegations of conspiracy and other misconduct in respect of the property and the title of the plaintiff. Constructive service of process through publication was carried out as to Antonio who was then residing in, and was a citizen of, the Dominican Republic. He did not answer and thereafter his default was entered and a judgment was taken against him, wherein it was found substantially that the allegations of the complaint concerning the various theories advanced as to why the promissory notes were no longer live obligations and why the trustee was, therefore, without power to foreclose under the deeds of trust were true. Antonio was enjoined from asserting any claims based on the notes or deeds of trust. Thereafter the action proceeded to trial against Clara and Erickson, but the trial was not completed. The action was dismissed by plaintiff. There was filed in the action a document entitled "Dismissal With Prejudice" reading as follows: "The above entitled action is hereby dismissed with prejudice, the same having been settled for a valuable consideration to the satisfaction of the parties hereto, and the clerk of the above entitled court is hereby authorized and directed to enter said dismissal of record. This dismissal may and shall operate

as a retraxit.'' Thereafter, the plaintiff moved the court to set the dismissal aside upon the ground that the filed document had been executed by plaintiff as a part of a settlement agreement which had never been carried out, although the document had been delivered to the attorney for the defendants Clara and Erickson and by him filed without authority. This motion was heard and was denied by the court. That was the end of the proceeding, no appeal having been taken. It is not claimed or alleged in the present action that any new defenses to the notes have arisen.

■ A dismissal with prejudice bars a later suit on the same cause of action. (*Lawlor* v. *National Screen Service Corp.*, 349 U.S. 322 [75 S.Ct. 865, 99 L.Ed. 1122, 1127]; *Ghiringhelli* v. *Roboni*, 95 Cal.App.2d 503 [213 P.2d 17]; *Goddard* v. *Security Title Ins. & Guarantee Co.*, 14 Cal.2d 47, 55 [92 P.2d 804].)

■ There can be no question herein but that the dismissal of the first action under the circumstances attending it and in the manner in which it was done effectively bars the parties to that action and their privies from further prosecuting any suit based upon the same cause of action.

We think it clear from the pleadings in the first action that the cause of action therein sued upon, insofar as the two promissory notes and the deeds of trust are concerned and as to the right of Clara to have the property sold by the trustee, is the same cause of action sued upon in the present action and to that extent bars the further prosecution of this suit. It is stated in *Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 637-638 [134 P.2d 242]:

''The doctrine of res judicata rests upon the ground that the party to be affected, or some other ~~party~~ with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation. In applying the doctrine the cases recognize a distinction between the effect of a judgment operating by way of *estoppel* in a later action upon a *different* cause of action and one operating by way of *bar* against a second action upon the *same* cause of action. . . . As stated in 2 Freeman on Judgments, *supra* [p. 1425, § 676], 'A prior judgment can operate as a complete bar to a second action only on the theory that it is a conclusive adjudication . . . as to every matter that might be urged in support of the

latter. . . . Under such circumstances, in view of the rule and policy of the law which forbids a party to split his claim, the judgment is deemed to adjudicate, for purposes of the second action, not only every matter which was, but also every matter which might have been urged in support of the cause of action or claim in litigation. . . .' . . .

". . . [P]laintiff misconceives the nature of his cause of action. The cause of action is simply the obligation sought to be enforced."

The cause of action in the first prior suit and in this suit were the same. In both actions it was charged that Clara, as owner and holder of the two notes, was wrongfully asserting the notes had not been paid, were in default and that, therefore, she was entitled to have the trustee under the deeds of trust sell the property, that the trustee was wrongfully asserting that the trust deeds constituted liens upon the property and was proceeding to sell. In support of the cause of action thus grounded, plaintiff could litigate any issue that might arise concerning the status of the notes as live obligations or the right of Clara to call upon the trustee to exercise his powers of sale. The dismissal of the first suit with prejudice, therefore, raised a bar against a further prosecution in this action of the same cause of action upon which the first suit had been grounded.

Seeking to avoid the bar of the dismissal with prejudice, appellants in this action argue as follows: In this action it was specifically alleged that, although the notes had been assigned to and were in the possession of Clara, she was acting merely as the agent of her husband and had no title to the notes; that her husband was the real owner thereof; that in the first action it had been adjudicated against him through the default judgment taken that he was the real owner of the notes; that this issue as to the title of Clara to the notes had not been litigated in the first prior action. These contentions cannot be sustained. The right of Clara, as owner of the notes, to have the mining property subject to sale by the trustee for the purpose of securing funds to apply upon the notes was squarely in issue in the first action whether specifically alleged or not. Any issue as to the personal ownership of the notes by Clara could have been litigated in the first action and, therefore, the issue cannot be relitigated in this action. The pleadings were sufficient for that. Moreover, the judgment against Clara's husband had been secured in the first action prior to the beginning of the trial against Clara. Hence plain-

tiff knew of the theory under which it now seeks to relitigate the cause. Clara was not, of course, bound by the findings and judgment based on the default of her husband, but plaintiffs clearly could have urged against her that her husband owned the notes. The bar raised by a dismissal with prejudice is equal, under the doctrine of res judicata, to the bar raised by a judgment on the merits. We are, of course, not here speaking of collateral estoppel. The distinction is well pointed out in *Lawlor* v. *National Screen Service Corp., supra.*

What we have heretofore said concerning the bar resting on the dismissal with prejudice applies to the remaining five counts in the present action which allege damage through conspiracy. The same conspiracy was alleged in the first prior action and, although somewhat differently pleaded in the present suit, the causes of action resting on the charges of conspiracy in the first suit are the same as the causes of action based on the allegations of conspiracy in the present suit. The two pleadings are substantially identical. It follows, therefore, that the bar arising from the dismissal of the first action with prejudice operates as to each and all the counts of the present action. The trial court was, therefore, correct in ordering the dismissal.

By reason of the foregoing it becomes unnecessary to discuss the contentions of respondent that the judgment in the second prior action also operates as a bar to the maintenance of the present suit.

The order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied February 27, 1958, and appellants' petition for a hearing by the Supreme Court was denied March 26, 1958.