[Civ. No. 20542. First Dist., Div. One. Jan. 25, 1963.]

J. ADRIAN PALMQUIST, Plaintiff and Appellant, v. LOUISE PALMQUIST, Defendant and Respondent.

Cornish & Cornish and Francis T. Cornish for Plaintiff and Appellant.

Stark & Champlin, Ralph J. Moore, Jr., John F. Banker and Franklin C. Stark for Defendant and Respondent.

BRAY, P. J.—Plaintiff appeals from an adverse summary judgment.

### QUESTION PRESENTED[1]

Were there any issues of fact to be tried? This depends upon whether plaintiff is entitled to attack in this action the dismissal of a prior action between the same parties for the same relief.

### RECORD

November 1, 1960, plaintiff commenced this action to quiet title to real property. His complaint alleged the same claim and prayed for the same relief as in a prior action brought by him against defendant to quiet title to the same property, which action was dismissed with prejudice by a dismissal signed by plaintiff's counsel in that action. Defendant was not served in this action. She discovered its existence when the lis pendens filed by plaintiff blocked an attempted sale of the property. Thereupon defendant answered herein setting up the dismissal of the earlier action as a bar to this action. She also cross-complained claiming that plaintiff

---

[1]Although in his opening brief plaintiff complained of the shortness of time resulting from an order shortening time on the notice of motion for summary judgment, he waived the question on oral argument. We, therefore, do not consider the matter further.

has no interest whatsoever in the property. Defendant denied the material allegations of the cross-complaint.

Defendant filed a motion for summary judgment based on the dismissal of the prior action, and a motion to quash notice of deposition theretofore given by plaintiff. An order shortening time for serving the notice of both motions was obtained. At the hearing, the court held that all claims by plaintiff against the property in question were barred by the prior dismissal, decreed that plaintiff had no interest in the property, and quieted title to the property in defendant.

## MAY PLAINTIFF ATTACK THE DISMISSAL?

■ "In a proceeding under section 437c, Code of Civil Procedure, issue finding rather than issue determination is the pivot upon which the summary judgment law turns. [Citations.] ■ Whether an issue of fact exists is to be determined from the affidavits which have been filed. [Citations.]" (*Whaley* v. *Fowler* (1957) 152 Cal.App.2d 379, 381 [313 P.2d 97].) ■ "[A] summary judgment will stand if the supporting affidavits state facts sufficient to sustain a judgment and the counteraffidavits do not proffer competent and sufficient evidence to present a triable issue of fact. [Citations.]" (*Burke* v. *Hibernia Bank* (1960) 186 Cal.App.2d 739, 744 [9 Cal.Rptr. 890].)

Defendant's affidavit set forth so far as pertinent here that plaintiff on May 31, 1960, filed a complaint in a quiet title action against defendant herein, in Santa Clara County, in all respects identical to the complaint in this action, the parties and the cause of action being the same; that under a certain property settlement agreement plaintiff agreed to file a dismissal with prejudice of the other action; that in accordance with that agreement, defendant's attorneys dismissed that action with prejudice on June 30, 1960. Reference was then made to a judgment in a certain separate maintenance action brought by defendant against plaintiff, in which said agreement was held to be valid. (The decision on appeal sustaining the trial court in that action was filed this day by this court; see *ante,* p. 322 [27 Cal.Rptr. 744].) It is then stated that the dismissal with prejudice of said quiet title action is a bar to this action.

Plaintiff's affidavit (called a certificate) in opposition to the motion contains much extraneous matter, partially in answer to the extraneous matter set forth in defendant's affidavit. It admits that pursuant to the agreement between

the parties a dismissal with prejudice of the Santa Clara County quiet title action was signed by plaintiff's attorney and delivered to defendant's attorneys. Plaintiff states that he received no consideration for this dismissal and contends that the agreement was violated by defendant in a number of respects set forth. Plaintiff then states that one of the issues to be tried is whether defendant by her conduct is estopped from availing herself of the fact of the dismissal with prejudice of the other action. Plaintiff then sets forth that he has appealed from the judgment referred to in defendant's affidavit.

As plaintiff admitted that the other quiet title action was identical with this and the filing of the dismissal with prejudice there could be no triable issues of fact herein unless plaintiff may attack the dismissal in this action.

 A dismissal with prejudice of an action is a bar to the bringing of the same cause of action thereafter, and precludes the plaintiff from litigating that issue again. (*Ghiringhelli* v. *Riboni* (1950) 95 Cal.App.2d 503, 506 [213 P.2d 17]; *Datta* v. *Staab* (1959) 173 Cal.App.2d 613, 621 [343 P.2d 977]; *Sears* v. *DeMota* (1958) 157 Cal.App.2d 216, 220 [320 P.2d 579].) Otherwise there would be no meaning to the "with prejudice" feature. (*Gagnon Co., Inc.* v. *Nevada Desert Inn, Inc.* (1955) 45 Cal.2d 448, 455 [289 P.2d 466].) Any attack in another action on the judgment entered upon such a dismissal is a collateral attack. (*Idem,* p. 455, see 3 Witkin, Cal. Procedure, p. 2044.)

It is clear that plaintiff is attempting a collateral attack on the dismissal which, as noted, has the effect of a judgment. He is attempting to avoid its effect incidentally to a proceeding having another purpose. That plaintiff couches his attack in the guise of seeking an estoppel does not detract from the nature of the attack as collateral.

In *Rico* v. *Nasser Bros. Realty Co.* (1943) 58 Cal.App.2d 878 [137 P.2d 861], a minor plaintiff sued through his guardian ad litem for damages for personal injuries. However, before the action had been brought an order of compromise had been made pursuant to section 1431 of the Probate Code, a special statute relating to compromise of minor's claims. The plaintiff had received a sum of money in full settlement for his injuries and had given a full release. In bringing the action it was alleged that the release

was given by mistake. The defendants pleaded the settlement as a bar to the action and the trial court rendered judgment for the defendants. The appellate court affirmed. The court said the attack attempted to be made on the order of settlement was a collateral attack and held that because of that the trial court properly rejected all offers to prove the alleged mistake. ▇▇▇ The court set out the applicable rules: " '. . . a judgment or order is not subject to collateral impeachment unless it is absolutely void, and it is not void unless made or entered . . . without jurisdiction.' A direct attack upon a judgment or order is usually one made in the same proceeding by appeal, or motion under section 473, Code of Civil Procedure, or one made in a separate suit in equity to set aside the judgment or order upon equitable grounds. ▇▇▇ A collateral attack is· an attempt to avoid the effect of a judgment or order made in some other proceeding. ▇▇▇ In such attack the invalidity of the former judgment or order must appear on the face of the record. [Citations.]" (P. 882.) The reviewing court then stated that the trial court properly rejected all offers to prove that the release was given by mistake.

Plaintiff has cited no authority supporting his contention that he may collaterally attack the judgment in the prior action. He has cited a number of cases commencing with *United States* v. *Throckmorton,* 98 U.S. 61, 65 [25 L. Ed. 93], all of which deal with direct attacks upon judgments and hence are not in point.

▇▇▇ As plaintiff's affidavit admitted that the judgment entered on dismissal with prejudice was in an action based upon the same cause of action as in this action, and as his only defense was based upon an attempt to collaterally attack that judgment, which may not be done, there was no triable issue of fact in this case, and the summary judgment was proper.

The judgment is affirmed.

Sullivan, J., and Molinari, J., concurred.