[Civ. No. 24575. First Dist., Div. One. Aug. 21, 1968.]

JOHN H. WOULDRIDGE, Plaintiff and Appellant, v. ALFRED BURNS et al., Defendants and Respondents.

Belli, Ashe, Ellison, Choulos, Cone & Harper, John F. Harper and Frederick A. Cone for Plaintiff and Appellant.

Field, DeGoff & Rieman and Sidney F. DeGoff for Defendants and Respondents.

ELKINGTON, J.—Plaintiff John H. Wouldridge appeals from a summary judgment in favor of defendants Alfred Burns and Vera Burns. The following facts which were before the trial court on the motion for summary judgment are undisputed.

Plaintiff filed an action against defendants Burns and three others. Damages were sought against all defendants for fraud in the sale of an apartment house to plaintiff. During the trial defendants Burns paid $10,000 to plaintiff who thereupon filed a dismissal "with prejudice as to defendants Alfred Burns and Vera Burns, *only*." The trial continued against the remaining defendants to whom a new trial was granted after a jury verdict and judgment against them.

Plaintiff thereafter by direct attack moved to set aside the dismissal of the action as to the defendants Burns. This motion was denied. No appeal was taken from the order denying the motion and the order was final at the time of the proceedings for summary judgment.

Thereafter plaintiff filed another action against Alfred Burns, Vera Burns and the other defendants. The complaint, with one exception, was identical with that of the earlier com-

plaint. The exception was an additional paragraph alleging discovery of defendants' fraud within three years of the complaint's filing. On motion of plaintiff the court ordered the action consolidated with the earlier action in which defendants Burns were no longer parties.

Defendants Burns thereafter moved for summary judgment on the ground that there had been a ''dismissal with prejudice'' of the identical cause of action alleged in the second case. Plaintiff filed declarations alleging the discovery, since the dismissal, of additional misrepresentations by defendants Burns in connection with the apartment house sale,[1] that the late discovery of such evidence was excusable and that had he known of such additional evidence he would not have settled and dismissed the earlier action as to the defendants Burns. He also declared that he had tendered to defendants Burns the $10,000 consideration paid him for the dismissal.[2]

 It is settled law that the dismissal of an action, *with prejudice*, is a bar to any future action on the same subject matter. It is also clear that the order denying plaintiff's motion to set aside such dismissal is a bar to future attacks on the dismissal under the doctrine of res judicata.

In the second action plaintiff's attack on the earlier dismissal with prejudice and order was ''collateral.'' ''A collateral attack is an attempt to avoid the effect of a judgment or order [or as here, a dismissal with prejudice] made in some other proceeding.'' (*Rico* v. *Nasser Bros. Realty Co.*, 58 Cal.App.2d 878, 882 [137 P.2d 861] ; see also *Palmquist* v. *Palmquist*, 212 Cal.App.2d 340, 343 [27 Cal.Rptr. 756] ; 3 Witkin, Cal. Procedure (1954) p. 2044.)

In considering the effect of a dismissal with prejudice, and in affirming a summary judgment for a defendant, the court in *Palmquist* v. *Palmquist, supra,* 212 Cal.App.2d 340, 343-344, stated: ''As plaintiff admitted that the other quiet title action was identical with this [action] and [due to] the filing of the dismissal with prejudice there could be no triable issues

---

[1]It was held in *Hamilton* v. *Carpenter,* 15 Cal.2d 130 [98 P.2d 1027], that a judgment for defendant in a fraud case was res judicata notwithstanding ''a few additional alleged misrepresentations'' in a subsequent action.

[2]Plaintiff also declared that defendant Alfred Burns had failed to honor a promise to testify ''to the truth'' at the earlier trial, such promise being a provision of the dismissal agreement. This contention is unrelated to the cause of action stated in the complaint; it is not mentioned therein or in the pretrial conference order. In any event the final order denying plaintiff's motion to set aside the dismissal, discussed herein, bars such a contention.

of fact herein unless plaintiff may attack the dismissal in this action. [ ¶ ] A dismissal with prejudice of an action is a bar to the bringing of the same cause of action thereafter, and precludes the plaintiff from litigating that issue again. (*Ghiringhelli* v. *Riboni* (1950) 95 Cal.App.2d 503, 506 [213 P.2d 17]; *Datta* v. *Staab* (1959) 173 Cal.App.2d 613, 621 [343 P.2d 977]; *Sears* v. *DeMota* (1958) 157 Cal.App.2d 216, 220 [320 P.2d 579].) Otherwise there would be no meaning to the 'with prejudice' feature. (*Gagnon Co., Inc.* v. *Nevada Desert Inn, Inc.* (1955) 45 Cal.2d 448, 455 [289 P.2d 466].) Any attack in another action on the judgment entered upon such a dismissal is a collateral attack. (*Idem*, p. 455, see 3 Witkin, Cal. Procedure, p. 2044.) [ ¶ ] It is clear that plaintiff is attempting a collateral attack on the dismissal which, as noted, has the effect of a judgment. . . ."

In *Datta* v. *Staab*, 173 Cal.App.2d 613, 620-621 [343 P.2d 977], it is stated: "Appellant asserts that a voluntary dismissal has only the effect of a withdrawal of the plaintiff's claim; that it leaves the defendant as though he had never been a party. This is undoubtedly true where plaintiff has received nothing in return for the dismissal. (*Cook* v. *Stewart McKee & Co.*, 68 Cal.App.2d 758 [157 P.2d 868]; *McDougald* v. *Hulet*, 132 Cal. 154 [64 P. 278]; *Collins* v. *Ramish*, 182 Cal. 360 [188 P. 550].) The effect of a dismissal with prejudice is quite different, however, when it is executed and filed in return for a consideration moving from the defendant. Such a dismissal operates as a complete bar to any future action (*Markwell* v. *Swift & Co.*, 126 Cal.App.2d 245 [272 P.2d 47]), and has the same legal effect as a common law retraxit. (*Ghiringhelli* v. *Riboni*, 95 Cal.App.2d 503, 506 [213 P.2d 17]; *Goddard* v. *Security Title Ins. & Guar. Co.*, 14 Cal.2d 47 [92 P.2d 804].) 'A retraxit is equivalent to a verdict and judgment on the merits of the case and is deemed to be a bar to another suit for the same cause between the same parties. . . . Where the parties to an action settle their dispute and agree to a dismissal, it is a retraxit and amounts to a decision on the merits and as such is a bar to further litigation on the same subject matter between the parties.' (17 Am.Jur. 162, 163; see also 16 Cal.Jur.2d 146.)"

A judgment or order of a court of general jurisdiction cannot be attacked in a collateral proceeding unless the judgment or order be void. (*Estate of Baldwin*, 21 Cal.2d 586, 593 [134 P.2d 259]; *Hamilton* v. *Waters*, 93 Cal.App.2d 866, 868 [210 P.2d 67]; 29 Cal.Jur.2d, Judgments, § 180, p. 135.)

Reasonably, this rule must be applied to a dismissal of an action "with prejudice," particularly when it was made and entered for a consideration. (See *Palmquist* v. *Palmquist, supra,* 212 Cal.App.2d 340, 343; *Datta* v. *Staab, supra,* 173 Cal.App.2d 613, 620-621; *Rico* v. *Nasser Bros. Realty Co., supra,* 58 Cal.App.2d 878, 882.) It is also applicable to the order denying plaintiff's motion in the first action to set aside his dismissal.

We consider the consolidation of the two actions to be without significance on this appeal. The defendants Burns were no longer parties to the first action, as to which their rights had been finally determined. A consolidation of actions does not affect the rights of the parties. The purpose of consolidation is merely to promote trial convenience and economy by avoiding duplication of procedure, particularly in the proof of issues common to both actions. (See *McClure* v. *Donovan,* 33 Cal.2d 717, 722 [205 P.2d 17].)

 In ruling on a motion for summary judgment the issue to be determined by the trial court is whether or not the party opposing the motion has presented any facts which give rise to a triable issue. (*Desny* v. *Wilder,* 46 Cal.2d 715, 725 [299 P.2d 257].) Since plaintiff's second action depended entirely upon forbidden collateral attacks on the "dismissal with prejudice" and order of the earlier action, there was no triable issue and the summary judgment was proper.

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.