Filed 9/19/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| F.E.V., a Minor, etc., et al., | |
| Plaintiffs and Appellants, | G052460 |
| v. | (Super. Ct. No. 30-2015-00770859) |
| CITY OF ANAHEIM et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Franz E. Miller, Judge.  Reversed and remanded.

Law Offices of Dale K. Galipo, Dale K. Galipo and Melanie T. Partow for Plaintiffs and Appellants.

Kristin A. Pelletier, Acting City Attorney, and Moses W. Johnson IV, Assistant City Attorney, for Defendants and Respondents.

\*  \*  \*

The doctrine of res judicata or claim preclusion dictates that in ordinary circumstances a final judgment on the merits prevents litigation of the same cause of action in a second suit between the same parties. (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824 (*DKN*).) In rare circumstances, a final judgment may be denied claim preclusive effect when to do so would result in manifest injustice. (*People v. Barragan* (2004) 32 Cal.4th 236, 256 (*Barragan*); *City of Sacramento v. State of California* (1990) 50 Cal.3d 51, 65, fn. 8; *Greenfield v. Mather* (1948) 32 Cal.2d 23, 25 (*Greenfield*).) This case presents such rare circumstances.

The rare circumstances arise due to a Ninth Circuit en banc opinion that reversed a federal court judgment against plaintiffs on their civil rights claims. (*Gonzalez v. City of Anaheim* (9th Cir. 2014) 747 F.3d 789 (en banc).) Initially, a Ninth Circuit panel decision had affirmed the federal court judgment against plaintiffs. (*Gonzalez v. City of Anaheim* (9th Cir. May 13, 2013, No. 11-56360) 2013 U.S.App. Lexis 9607.) This court relied on that federal court judgment and the Ninth Circuit panel opinion to affirm, on the ground of collateral estoppel, a state court judgment against plaintiffs on their related state tort claims. (*F.E.V. v. City of Anaheim* (June 24, 2013, G046937) opn. mod. June 26, 2013 [nonpub. opn.] (*F.E.V. I*).) Long after our opinion in *F.E.V. I* became final, and long after we lost the ability to change our opinion or vacate the judgment, the Ninth Circuit issued its en banc opinion disagreeing with the Ninth Circuit panel opinion and reversing in part the federal court judgment. By reversing the federal court judgment, the Ninth Circuit en banc opinion eliminated the sole basis for our decision in *F.E.V. I* and undermined both that decision and the judgment it had affirmed.

Plaintiffs' complaint in this case asserted the same claims against the same parties as the complaint that was resolved by the judgment affirmed by *F.E.V. I*. For that reason, the trial court sustained without leave to amend defendants' demurrer on the ground of res judicata. The judgment affirmed by *F.E.V. I* is final and cannot be set aside

or vacated, but the question remains whether it should be given preclusive effect to affirm the judgment in this case.

We have considered the policies underlying claim preclusion and issue preclusion and conclude they would be defeated rather than advanced by according preclusive effect to the judgment affirmed in *F.E.V. I*. Plaintiffs have not had the opportunity to litigate their state tort claims and are not vexatious litigants. Giving preclusive effect to a judgment, the validity of which is based entirely on a judgment that has been reversed, can only erode public confidence in judicial decisions. Finality of judgments, the underpinning of res judicata, is an important policy, but it is a means to an end—justice—and not an end in itself. Justice is not served by giving preclusive effect to a judgment under the rare and, we hope, unique circumstances of this case. We therefore reverse the judgment and remand for further proceedings.

**BACKGROUND**

Adolf Anthony Sanchez Gonzalez (Decedent) was shot and killed in an incident with two Anaheim police officers. Plaintiffs are the Decedent's mother and minor daughter (by and through her guardian ad litem, David Vazquez).

Plaintiffs filed a complaint in federal court (the Federal Complaint) against the City of Anaheim (the City) and the two officers (collectively, Defendants). The Federal Complaint asserted four claims for violation of civil rights pursuant to title 42 United States Code section 1983 and state law claims for false arrest/false imprisonment, battery, negligence, and violation of the Bane Act, Civil Code section 52.1. The four civil rights claims were (1) unreasonable search and seizure—detention and arrest; (2) unreasonable search and seizure and due process—excessive force and denial of medical care; (3) substantive due process; and (4) municipal liability for unconstitutional custom, practice, or policy. (*F.E.V. I*, *supra*, G046937.)

We explained in *F.E.V. I*: "The Federal Complaint's allegations were barebones: On September 25, 2009, Decedent was driving his car near the intersection of

3

Santa Ana Street and Bond Street in the City of Anaheim. Decedent had not committed any crime, and Anaheim Police Officers Daron Wyatt and Matthew Ellis had neither reasonable suspicion to detain Decedent nor probable cause to arrest him. Officer Wyatt 'discharged a firearm at the Decedent, striking him in the head, causing Decedent serious physical injury and eventually killing him.' (Some capitalization omitted.) Finally, the Federal Complaint alleged Decedent was unarmed and posed no imminent threat of death or serious physical injury to the officers." (*F.E.V. I, supra*, G046937.)

"The federal district court granted summary judgment in favor of the defendants on the civil rights claims and concluded the police officers did not use excessive force, act unreasonably, engage in conduct that shocked the conscience, or engage in conduct amounting to an independent violation of the Fourth Amendment to the United States Constitution. The federal court declined to exercise supplemental jurisdiction over the state law claims and dismissed them without prejudice." (*F.E.V. I, supra*, G046937.)

"Following the district court's dismissal of the state law claims, Plaintiffs filed the State Complaint, which asserted causes of action for (1) false arrest/false imprisonment, (2) battery, (3) negligence, (4) wrongful death, and (5) violation of the Bane Act. [¶] The State Complaint overlaps the Federal Complaint but provides more detail. The State Complaint alleged the following: [¶] On September 25, 2009, Decedent was driving his car near the intersection of Santa Ana Street and Bond Street in the City of Anaheim. Anaheim Police Officers Daron Wyatt and Matthew Ellis ordered Decedent to stop. Decedent had committed no crime and the officers did not have cause to stop Decedent. Both officers approached Decedent's car. Officer Ellis placed Decedent in a carotid restraint, and Officer Wyatt struck him in the arms and head with a flashlight and punched him in the face. Decedent never hit, punched, kicked, or threatened either police officer. Officer Wyatt then got into Decedent's car and fired a gun at Decedent's head

4

from six inches away. Decedent suffered serious physical injuries and later died. Decedent was unarmed." (*F.E.V. I, supra*, G046937.)

Defendants demurred to the State Complaint on the ground of collateral estoppel. The trial court sustained the demurrer without leave to amend and dismissed the State Complaint. (*F.E.V. I, supra*, G046937.) Plaintiffs appealed from the judgment entered after Defendants' demurrer was sustained without leave to amend.

At the time we held oral argument in *F.E.V. I*, the federal court judgment was on appeal before the Ninth Circuit. A federal court judgment retains its collateral estoppel effect, however, while on appeal and, therefore, the federal court judgment had collateral estoppel effect at the time of oral argument. (*Collins v. D.R. Horton, Inc.* (9th Cir. 2007) 505 F.3d 874, 882; see *Younger v. Jensen* (1980) 26 Cal.3d 397, 411 ["A federal judgment 'has the same effect in the courts of this state as it would have in a federal court'"].)

After we held oral argument in the prior appeal, the Ninth Circuit Court of Appeals issued its panel opinion in *Gonzalez v. City of Anaheim, supra*, 2013 U.S.App. Lexis 9607, affirming the federal court judgment. (*F.E.V. I, supra*, G046937.) On our own motion, we took judicial notice of that opinion, which confirmed what would have been the outcome based on the status of the judgment at the time of oral argument. (*F.E.V. I, supra*, G046937.) Based on *Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 506, we held that the federal court judgment collaterally estopped Plaintiffs from pursuing their state law causes of action based on both the shooting and on theory the officers' conduct before the shooting was negligent, and their battery and false arrest/false imprisonment causes of action. (*F.E.V. I, supra*, G046937.) We affirmed the judgment. Remittitur issued in August 2013.

Nine months after we issued our opinion, the Ninth Circuit issued its en banc opinion reversing the federal court judgment as to claims of excessive force (the en banc panel affirmed the judgment as to claims for denial of a familial relationship).

5

(*Gonzalez v. City of Anaheim, supra,* 747 F.3d at pp. 791-792.)  The United States Supreme Court denied certiorari in November 2014.

In February 2015, Plaintiffs filed a new complaint in Orange County Superior Court (the Second State Complaint) asserting the same five causes of action as the State Complaint, namely, (1) false arrest/false imprisonment, (2) battery, (3) negligence, (4) wrongful death, and (5) state civil rights violations (Civ. Code, § 52.1).  As facts common to all causes of action, the Second State Complaint alleged that on September 25, 2009, Decedent was driving his car near the intersection of Santa Ana Street and Bond Street in the City of Anaheim.  Anaheim Police Officers Daron Wyatt and Matthew Ellis ordered Decedent to stop.  Decedent had committed no crime and the officers did not have cause to stop him.  Both officers approached Decedent's car.  Officer Ellis placed Decedent in a carotid restraint, and Officer Wyatt struck him in the arms and head with a flashlight and punched him in the face.  Decedent never hit, punched, kicked, or threatened either police officer.  Officer Wyatt then got into Decedent's car and fired a gun at Decedent's head from six inches away.  The bullet struck Decedent in the head.  He suffered serious physical injuries and later died.  Decedent was unarmed.

In April 2015, Plaintiffs filed a motion to vacate the prior state court judgment.  The trial court denied the motion.  Plaintiffs brought a petition for writ of mandate in this court to challenge the order denying their motion to vacate the judgment.  A panel of this court summarily denied the writ petition.

Defendants demurred to the Second State Complaint on the ground the claims were barred by collateral estoppel, jurisdiction, and the applicable statute of limitations.  Plaintiffs filed opposition.  After hearing oral argument, the court sustained the demurrer without leave to amend.  In a minute order, the trial court explained its reasoning:  "[T]his is a refiling of the same action that resulted in a judgment against plaintiff[s], followed by a minute order to vacate that judgment which this court denied;

6

res judicata applies to bar this action (because, among other reasons, [moving party] may not effectively appeal this court's ruling to another judge of this court); [statute of limitations] acts as a bar, as well." Plaintiffs appealed from the judgment of dismissal.

## DISCUSSION

### I.

### The Ninth Circuit En Banc Opinion, Although Reversing the Federal Court Judgment, Does Not Nullify the Judgment Affirmed by *F.E.V. I.*

We first address whether the Ninth Circuit en banc opinion had the effect of nullifying the judgment affirmed by *F.E.V. I.* Plaintiffs argue that under the analysis of the Restatement Second of Judgments, the Ninth Circuit en banc opinion automatically nullified the prior judgment, and, therefore, it no longer had claim or issue preclusive effect. Defendants argue that Plaintiffs did not pursue appropriate proceedings to prevent the opinion in *F.E.V. I* from becoming final before the Ninth Circuit proceedings had been completed.

Section 16 of the Restatement Second of Judgments addresses judgments made in reliance on an adjudication that is later overturned or vacated. Section 16 provides: "A judgment based on an earlier judgment is not nullified automatically by reason of the setting aside, or reversal on appeal, or other nullification of that earlier judgment; but the later judgment may be set aside, in appropriate proceedings, with provision for any suitable restitution of benefits received under it." (Rest.2d Judgments, § 16, p. 145.) Section 16 is considered to be consistent with California law. (*Grain Dealers Mutual Ins. Co. v. Marino* (1988) 200 Cal.App.3d 1083, 1088-1089.)

Comment c to section 16 of the Restatement Second of Judgments explains: "If, when the earlier judgment is set aside or reversed, the later judgment is still subject to a post-judgment motion for a new trial or the like, or is still open to appeal, or such motion has actually been made and is pending or an appeal has been taken and remains

undecided, a party may inform the trial or appellate court of the nullification of the earlier judgment and the consequent elimination of the basis for the later judgment. The court should then normally set aside the later judgment." (Rest.2d Judgments, § 16, com. c, pp. 146-147.) Under the rule of section 16, the Ninth Circuit en banc opinion would not have nullified the judgment affirmed in *F.E.V. I.* Rather, it was incumbent on Plaintiffs to seek and obtain relief from the first state court judgment "in appropriate proceedings." (Rest.2d Judgments, § 16, p. 145.)

*Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132 (*Talley*) addresses the nature of "appropriate proceedings" to obtain relief from a later judgment. The plaintiff in *Talley* sued three individual defendants and two corporate defendants in state court for securities fraud. The plaintiff also initiated a related federal court proceeding. The state trial court sustained, without leave to amend, demurrers in favor of the defendants. In *Talley v. Miller & Schroeder* (Sept. 12, 2007, D048438) [nonpub. opn.], the Court of Appeal had affirmed the judgments in favor of three individual defendants and reversed and remanded for further proceedings the judgments in favor of the two corporate defendants. (*Talley, supra*, 191 Cal.App.4th at pp. 136-137.) On remand, the trial court again sustained, without leave to amend, demurrers by the corporate defendants, and judgment was entered in their favor. (*Id.* at p. 137.) The plaintiff neither made a direct attack on that judgment by appeal nor obtained a stay order pending the resolution of his related federal court action. (*Ibid.*) After the Court of Appeal's decision became final and the time for California Supreme Court review had passed, the Ninth Circuit issued its decision "analyzing, modifying and narrowing the Bar orders" that had served as the basis for the earlier judgments based on the demurrers. (*Id.* at pp. 137, 141.)

Based on the Ninth Circuit decision, the plaintiff in *Talley* filed a motion to set aside the judgments in favor of the five defendants. (*Talley, supra*, 191 Cal.App.4th at p. 137.) The trial court granted the motion and permitted the plaintiff to file a second

8

amended complaint asserting essentially the same causes of action and updating his allegations to conform to the prior rulings on the demurrers. (*Id.* at p. 138.) All five individual and corporate defendants appealed. (*Ibid.*) The issue presented was whether plaintiff's state court claims could be revived following the Ninth Circuit decision. (*Id.* at p. 150.)

The Court of Appeal, distinguishing *Grain Dealers Mutual Ins. Co. v. Marino*, held the plaintiff's state court claims could not be automatically revived because, "this is not a direct appeal from the challenged state court rulings that applied the underlying federal judgment." (*Talley, supra*, 191 Cal.App.4th at p. 151.) In addition, the Court of Appeal concluded "there was no preserved opportunity to litigate the effect of the federal ruling in state court" because the plaintiff had failed to preserve the state court's jurisdiction. (*Ibid.*) The Court of Appeal reasoned the plaintiff no longer had a viable state court action because he had not delayed the finality of the judgments by either directly attacking them by appeal or by obtaining a stay order in state court pending the resolution of the Ninth Circuit proceedings. (*Id.* at p. 152.) The Court of Appeal explained: "In the Restatement Second of Judgments, section 16, comment b, page 146, the authors advise parties to keep their claims viable by seeking a stay of the proceedings, awaiting the ultimate disposition of the underlying action. This was not done here." (*Id.* at p. 152 and fn. 12.)

*Talley* would not permit Plaintiffs to automatically refile their state claims following the Ninth Circuit en banc opinion because it did not automatically nullify the judgment we affirmed in *F.E.V. I.* Instead, Plaintiffs had a "responsibility to keep [their] case alive" (*Talley, supra*, 191 Cal.App.4th at p. 153) by obtaining a stay of the state court litigation pending full and final resolution of the federal litigation. Plaintiffs informally requested a stay from both the trial court and this court, but they did not secure one as their requests were not granted.

**Plaintiffs Could Not Collaterally Attack or Obtain
Equitable Relief From the Judgment Affirmed by *F.E.V. I.***

Because Plaintiffs did not have the right to automatically refile their state claims, we next address whether Plaintiffs could, and should, have sought to set aside the judgment by collateral attack or otherwise. "A collateral attack is an attempt to avoid the effect of a judgment or order made in some other proceeding." (*Rico v. Nasser Bros. Realty Co.* (1943) 58 Cal.App.2d 878, 882.) An attack in a second action on an earlier judgment is collateral. (*Wouldridge v. Burns* (1968) 265 Cal.App.2d 82, 84.) A judgment of a court of general jurisdiction can only be set aside on collateral attack if the judgment is void on the face of the record. (*Id*. at p. 85.) A judgment is void on its face when the invalidity appears on the judgment roll. (*Cruz v. Fagor America* (2007) 146 Cal.App.4th 488, 496.)

The Ninth Circuit en banc opinion did not render void on its face the judgment we affirmed in *F.E.V. I.* On its face, that judgment is valid and, therefore, was not subject to collateral attack.

In limited situations, a party may seek equitable relief from a final judgment that is not void on its face.[1] To obtain equitable relief from a judgment, a party must prove the judgment was the product of extrinsic fraud, meaning "'a party has been denied by his opponent or otherwise an opportunity to be heard or to fully present a claim or defense.'" (*In re Marriage of Grissom* (1994) 30 Cal.App.4th 40, 46.) "Extrinsic fraud usually arises when a party is denied a fair adversary proceeding because he has

_____

[1] The writ of error coram nobis and writ of error coram vobis are available when there is newly discovered evidence that would compel a different judgment, the evidence was unknown to the petitioner before entry of the judgment, and the petitioner is without fault or negligence in failing to discover the evidence sooner. (8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 4.) Coram nobis or coram vobis would not be available to Plaintiffs because the Ninth Circuit en banc opinion is not evidence.

been 'deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense.'" (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471.)

Plaintiffs do not, and cannot, claim the effect of the Ninth Circuit en banc opinion was to render the judgment we affirmed in *F.E.V. I* to be the product of extrinsic fraud. Their motion to vacate the judgment did not seek relief on that ground. In the motion to vacate, Plaintiffs contended they were entitled to relief because (1) they had taken the protective measures of appealing the first judgment and of seeking stays in the trial court and this court pending the Ninth Circuit's decision, and (2) the Ninth Circuit en banc opinion constituted a substantial change in circumstances justifying relief. The latter ground was based on section 73 of the Restatement Second of Judgments, which permits a judgment to be set aside or modified if "[t]here has been such a substantial change in the circumstances that giving continued effect to the judgment is unjust." (*Id*. at p. 197.) Comment c to section 73 states: "If a judgment is based on a prior judgement, and the prior judgment is reversed or vacated, the reversal or vacating may be a change of circumstance justifying relief from the second judgement." (*Id*. at pp. 199-200.)

The principle set forth in the Restatement Second of Judgments, section 73, comment c is consistent with California law so long as the second judgment remains open to challenge by direct appeal. (*Talley, supra*, 191 Cal.App.4th at pp. 152-153.) But once the second judgment becomes final and not subject to direct appeal, California law would permit the second judgment to be set aside only in limited circumstances, such as when the judgment is void on its face or the product of extrinsic fraud. For that reason, the trial court was justified in denying Plaintiffs' motion to vacate the judgment.[2]

_____

[2] Defendants fault Plaintiffs for bringing a petition for extraordinary writ instead of a direct appeal to challenge the order denying their motion to vacate the judgment. The means by which Plaintiffs sought to overturn that order are of no consequence because there were no valid grounds for their motion to vacate.

11

## III.

**It Would Be Manifestly Unjust to Give Claim Preclusion
Effect to the Judgment Affirmed by *F.E.V. I*.**

The judgment affirmed by *F.E.V. I* is final, we cannot modify it, and Plaintiffs cannot seek to have it set aside or vacated. The question remains whether we must give it preclusive effect and use it to affirm the judgment that is the subject of this appeal. Plaintiffs argue we should not do so because the Ninth Circuit en banc opinion reversed the federal court judgment serving as the basis of collateral estoppel. Defendants argue the judgment we affirmed in *F.E.V. I* bars the Second State Complaint because our opinion became final and remittitur issued before the Ninth Circuit en banc opinion was filed and because Plaintiffs failed to appeal from the order denying their motion to vacate the judgment.

The doctrine of res judicata or claim preclusion "'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.'" (*DKN, supra*, 61 Cal.4th at p. 824.) "Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." (*Ibid.*) The doctrine of issue preclusion or collateral estoppel prevents "the relitigation of issues argued and decided in a previous case, even of the second suit raises different causes of action." (*Ibid.*) "Under issue

preclusion, the prior judgment conclusively resolves an issue actually litigated and determined in the first action."[3] (*Ibid.*)

The parties frame the issue as whether the prior state court judgment should be given collateral estoppel effect. The issue is not collateral estoppel or issue preclusion but claim preclusion. The Second State Complaint has the same parties and alleges the same causes of action as the State Complaint, which was resolved by the prior judgment. The prior judgment, once final, would, under a simple application of claim preclusion, bar the Second State Complaint. (*DKN, supra*, 61 Cal.4th at p. 824.)

But a simple application of claim preclusion is complicated by the circumstances of this case, which are highly unusual, even extraordinary. Several months after our prior opinion became final, the Ninth Circuit issued an en banc opinion reversing the judgment on which we had had based that opinion. It is uncommon for the Ninth Circuit to conduct a rehearing en banc, and even less common for the Ninth Circuit to issue an en banc opinion rejecting the Ninth Circuit panel decision. Our prior opinion was based entirely upon the collateral estoppel effect of the federal court judgment, which had been affirmed by the Ninth Circuit panel opinion. Our decision, and the judgment which it affirmed, were therefore logically dependent upon the validity and soundness of that federal court judgment. By reversing the federal court judgment, the

---

[3] The California Supreme Court has acknowledged its terminology in discussing the preclusive effect of judgments "has been inconsistent and may have caused some confusion." (*DKN, supra*, 61 Cal.4th at p. 823.) The term res judicata frequently has been used as an "umbrella term" encompassing both res judicata and collateral estoppel. (*Ibid.*) To avoid confusion, the Supreme Court now uses the term claim preclusion to refer to the primary aspect of res judicata, and issue preclusion to refer to collateral estoppel. (*Id.* at p. 824.) The cases that we cite and quote use an assortment of terms. We use the term res judicata or claim preclusion to refer to the doctrine preventing relitigation of the same cause of action in a second suit between the same parties, and use the term collateral estoppel or issue preclusion to refer to the doctrine preventing relitigation of issues decided in a previous case even when second complaint asserts different causes of action.

13

Ninth Circuit en banc opinion eliminated the basis for our decision. But the Ninth Circuit en banc opinion was issued months after the remittitur was issued, we had lost the ability to modify our prior opinion, and the time for California Supreme Court review had elapsed. Thus, neither we nor the Plaintiffs could undertake appropriate proceedings to change that opinion. Defendants argue that, as a consequence, the judgment we affirmed by our prior opinion has preclusive effect notwithstanding the fact the federal court judgment has been reversed and Plaintiffs' federal court claims remain viable.

The result sought by Defendants, we conclude, would be manifestly unjust. In *Greenfield, supra*, 32 Cal.2d at page 35, the California Supreme Court stated: "[I]n rare circumstances a judgment may not be res judicata, when proper consideration is given to the policy underlying the doctrine, and there are rare instances in which it is not applied. In such cases it will not be applied so rigidly as to defeat the ends of justice or important considerations of policy."

The California Supreme Court, in *Slater v. Blackwood* (1975) 15 Cal.3d 791, 794, 796 (*Slater*), addressed the issue whether enactment of legislation following the original judgment was sufficient ground to deny according the judgment res judicata effect. The court considered *Greenfield* to be "of doubtful validity" but did not overrule it. (*Id.* at p. 796.) Instead, the Supreme Court held the rule of *Greenfield* was inapplicable because "the only possible basis for its implementation is founded on a change in law following the original judgment." (*Ibid.*) The court explained: "It cannot be denied that judicial or legislative action which results in the overturning of established legal principles often leads to seemingly arbitrary and unwarranted distinctions in the treatment accorded similarly situated parties. However, '[public] policy and the interest of litigants alike require that there be an end to litigation.' [Citation.] . . . . The consistent application of the traditional principle that final judgments, even erroneous

14

ones [citations], are a bar to further proceedings based on the same cause of action is necessary to the well-ordered functioning of the judicial process." (*Id*. at p. 797.)[4]

In *City of Sacramento v. State of California*, *supra*, 50 Cal.3d at page 65 footnote 8, the California Supreme Court described its opinion in *Slater* as holding only that "the 'injustice' exception . . . cannot be based *solely* on an intervening change in the law." Still more recently, the California Supreme Court recognized that "public policy considerations may warrant an exception to the claim preclusion aspect of res judicata, at least where the issue is a question of law rather than of fact." (*Barragan*, *supra*, 32 Cal.4th at p. 256.) In support of that proposition, the Supreme Court cited *Greenfield* without question or criticism.

Given the rare circumstances of this case, we conclude public policy considerations "warrant an exception to the claim preclusion aspect of res judicata" (*Barragan, supra*, 32 Cal.4th at p. 256) and claim preclusion should "not be applied so rigidly as to defeat the ends of justice or important considerations of policy" (*Greenfield, supra*, 32 Cal.2d at p. 25). The holding of *Slater* does not compel us to reach a different conclusion because the Ninth Circuit en banc opinion was not an intervening change in the law, such as a legislative enactment or California Supreme Court opinion, that is extrinsic to the proceedings at hand and "which results in the overturning of established

---

4 Issue preclusion (collateral estoppel) differs from claim preclusion by incorporating fairness as a requirement that must be satisfied *in addition* to the threshold requirements of identity of issues, actually and necessarily decided issues, final decision on the merits, and privity. (*Hernandez v. City of Pomona, supra*, 46 Cal.4th at p. 506.) Collateral estoppel is an equitable doctrine, and, even when the threshold elements are met, the court must consider when its application would be fair and just, and comport with the public policies underlying the doctrine. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 342-324 ["We have repeatedly looked to the public policies underlying the doctrine before concluding that collateral estoppel should be applied in a particular setting"]; *Title Guarantee & Trust Co. v. Monson* (1938) 11 Cal.2d 621, 630 [res judicata is an equitable principle]; *Smith v. ExxonMobil Oil Corp.* (2007) 153 Cal.App.4th 1407, 1414 ["even when the technical requirements are met, the doctrine is to be applied '*only* where such application comports with fairness and sound public policy'"].)

15

legal principles." (*Slater, supra*, 15 Cal.3d at p. 797.) The Ninth Circuit en banc opinion is intrinsic to the litigation between Plaintiffs and Defendants and did not result in the overturning of established legal principles.

In declining to accord preclusive effect to the prior judgment, we consider the public policies underlying res judicata and collateral estoppel. "The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation." (*Panos v. Great Western Packing Co.* (1943) 21 Cal.2d 636, 637.) The public policies underlying collateral estoppel are preserving the integrity of the judicial system, promoting judicial economy, preventing inconsistent judgments, and protecting litigants from vexatious litigation. (*Lucido v. Superior Court, supra*, 51 Cal.3d at p. 343; *Roos v. Red* (2005) 130 Cal.App.4th 870, 887; *Younan v. Caruso* (1996) 51 Cal.App.4th 401, 407.)

Plaintiffs have not had the opportunity to litigate the merits of the claims asserted in their state court complaints. When the federal district court granted summary judgment against Plaintiffs on their federal claims, the district court dismissed their state law claims without prejudice, and Plaintiffs reasserted those claims in the State Complaint. Those claims have never been litigated beyond the pleading stage; at no point has there been a resolution on the merits of any of Plaintiffs' state law claims. Plaintiffs cannot be called vexatious litigants for seeking adjudication of claims that have never been properly resolved on the merits.

In *Slater*, the court expressed concern that denying preclusive effect to a judgment based on a change in the law would "call . . . 'into question the finality of any judgment and thus is bound to cause infinitely more injustice in the long run.'" (*Slater, supra*, 15 Cal.3d at p. 797.) Invoking an exception to claim preclusion in this case could

16

not have that consequence because, as we have explained, the Ninth Circuit en banc opinion was not "judicial or legislative action which results in the overturning of established legal principles" (*ibid.*), but was the application of established legal principles as part of the ongoing litigation between the parties to a particular case.

Giving preclusive effect to the judgment affirmed by *F.E.V. I* would not comport with the policies of preserving the integrity of the judicial system. *F.E.V. I* was based entirely upon the collateral estoppel effect of the federal court judgment, which had been affirmed by the Ninth Circuit. The soundness of our decision in *F.E.V. I*, and the judgment which it affirmed, were therefore logically dependent upon the validity and soundness of that federal court judgment. By reversing the federal court judgment, the Ninth Circuit en banc opinion eliminated the legal and logical bases of our prior opinion, and we lacked the ability to modify that opinion. Public confidence in the wisdom and integrity of judicial decisions is not promoted by giving preclusive effect to a judgment the validity of which is based entirely on a judgment that has been reversed. We will not bar Plaintiffs from pursuing their state law claims based on the fortuity of the timing of the Ninth Circuit en banc opinion.

Defendants argue Plaintiffs should have, but did not, request a stay from the trial court, and did not file a motion for a stay or for a stay of issuance of the remittitur in this court. Plaintiffs orally asked the trial court for a stay pending a decision from the Ninth Circuit and, during oral argument in the prior appeal, counsel for Plaintiffs argued that a stay of proceedings pending resolution by the Ninth Circuit would be appropriate. Although Plaintiffs might have done more to secure a stay, such as by filing a written motion with supporting evidence (see Cal. Rules of Court, rule 8.272(c)(2) [stay of issuance of remittitur]), we are satisfied they acted with sufficient diligence.

17

## DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings.  Appellants shall recover their costs on appeal.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

18