**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOBIAS A. FRANK,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>DERRICK SCHULTZ, Correctional<br>Counselor, individually and in<br>official capacity; R. BYRD,<br>Disciplinary Hearing Officer,<br>individually and in official capacity,<br>*Defendants-Appellees*. | No. 14-55890<br><br>D.C. No.<br>5:12-cv-01848-<br>JAK-SS<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted November 18, 2015[*]
San Francisco, California

Filed December 14, 2015

Before: A. Wallace Tashima, John B. Owens,
and Michelle T. Friedland, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Prisoner Civil Rights

The panel affirmed the district court's summary judgment in favor of prison officials in an action brought by a federal prisoner pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff alleged, among other things, that he had been deprived of due process because he had not received advanced written notice of modified disciplinary charges brought against him. The panel held that the district court properly granted summary judgment on plaintiff's due process claim because any procedural error was corrected through the administrative appeal process, and plaintiff ultimately did not lose any good time credits.

### COUNSEL

Tobias A. Frank, Fairton, New Jersey, pro se Plaintiff-Appellant.

Stephanie Yonekura, Acting United States Attorney; Leon W. Weidman, Assistant United States Attorney, Chief, Civil Division; and David Pinchas, Assistant United States Attorney, Los Angeles, California, for Defendants-Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

Federal prisoner Tobias A. Frank appeals pro se from the district court's summary judgment in his action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging First and Fourteenth Amendment violations.[1]   We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010).  We affirm.

This action arises from Frank signing as a "witness" another inmate's document, which Correctional Counselor Derek Schultz believed was contraband under prison policy.[2] As a result, Schultz issued Frank an incident report charging him with "Possession of Anything Unauthorized." Disciplinary Hearing Officer Rosie Byrd conducted a disciplinary hearing, found that Frank had committed "Conduct which Interferes with the Security or Orderly Running of the Institution" (a different charge), and sanctioned Frank with the loss of fourteen days of good time credits.[3]   However, Frank filed a successful administrative

---

[1] We address Frank's First Amendment retaliation claim in a concurrently filed memorandum disposition.

[2] The prison policy was based on a part of the Court Security Improvement Act, 18 U.S.C. § 1521, which prohibits filing or attempting to file false liens against federal employees.

[3] Frank was also sanctioned with the loss of commissary and visitation rights for three months.  Because Frank does not raise this loss in his opening brief, he has waived the issue.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues which are

appeal, and ultimately the incident report was removed from his file and his credits were restored.  Frank then filed the instant action alleging that he had been deprived of due process because, among other things, Frank had not received advance written notice that Byrd was modifying the charge.

The district court properly granted summary judgment on Frank's due process claim because, as our sister circuits have recognized, any procedural error was corrected through the administrative appeal process, and Frank ultimately did not lose any good time credits.  *See Wycoff v. Nichols*, 94 F.3d 1187, 1189 (8th Cir. 1996) ("[T]he [administrative] reversal of the case against Wycoff constituted part of the due process Wycoff received, and it cured the alleged due process violation based on the [prison] disciplinary committee's initial decision to sanction Wycoff."); *Morrisette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (per curiam) ("There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process.  The administrative appeal process is part of the due process afforded prisoners." (citation omitted)); *Young v. Hoffman*, 970 F.2d 1154, 1156 (2d Cir. 1992) (per curiam) ("[W]e need not decide whether Young suffered a denial of due process in connection with his disciplinary hearing, because . . . [t]he administrative reversal constituted part of the due process

---

not specifically and distinctly argued and raised in a party's opening brief are waived.").

protection he received, and it cured any procedural defect that may have occurred.").[4]

**AFFIRMED.**

---

[4] *See also Torricellas v. Poole*, 954 F. Supp. 1405, 1414 (C.D. Cal. 1997) ("Where a procedural error has been corrected in the administrative process, as it was here, there has been no compensable due process violation.  The administrative appeal is considered part of the process afforded, and any error in the process can be corrected during that appeals process without necessarily subjecting prison officials to liability for procedural violations at lower levels."), *aff'd*, 141 F.3d 1179 (9th Cir. 1998) (unpublished) (affirming for the reasons stated by the district court).