**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEREMY STROHMEYER,

          Plaintiff-Appellant,

v.

K. BELANGER; et al.,

          Defendants-Appellees.

No. 15-16147

D.C. No. 3:14-cv-00661-RCJ-WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

    Nevada state prisoner Jeremy Strohmeyer appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state

law claims in connection with an assault and disciplinary hearings. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, reverse in part, vacate in part, and remand.

The district court properly dismissed Strohmeyer's due process claim for unlawful deprivation of his property because Strohmeyer had an adequate postdeprivation remedy under Nevada law. *See* Nev. Rev. Stat. §§ 41.031, 41.0322; *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").

The district court properly dismissed Strohmeyer's due process claim arising from a December 2012 disciplinary hearing because the result of that disciplinary hearing was overturned on appeal. *See Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015) (administrative reversal may cure due process violations).

To the extent that Strohmeyer sought to bring a federal right to counsel claim, the district court properly dismissed this claim because Strohmeyer failed to allege facts sufficient to show that his circumstances required the assistance of counsel. *See Vitek v. Jones*, 445 U.S. 480, 495-96 (1980) (circumstances in which prisoners must be given some legal assistance at a disciplinary hearing).

However, the district court erred by concluding that Strohmeyer failed to state a deliberate indifference to safety claim because Strohmeyer alleged that defendants created a risk to his safety and then intentionally failed to protect him from that risk. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (requirements for a deliberate indifference claim).

The district court erred by concluding that Strohmeyer failed to state a due process claim arising from a March 2013 disciplinary hearing because Strohmeyer alleged that defendants neither provided him with proper notice of the evidence against him nor offered an explanation for limiting his ability to call witnesses. *See Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003) (explaining prisoners' rights at disciplinary hearings, including the right "to call witnesses, to present documentary evidence[,] and to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken").

The district court erred by concluding that Strohmeyer failed to state a conspiracy claim because Strohmeyer alleged that defendants encouraged and planned to allow an inmate to assault Strohmeyer. *See Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983) ("To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown.").

15-16147

Although the district court properly dismissed Strohmeyer's retaliation claims because Strohmeyer failed to allege facts sufficient to show that the alleged adverse actions had a chilling effect, *see Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005), the district court abused its discretion by dismissing the claims without leave to amend because it is not clear that amendment would be futile, *see AE v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (setting forth standard of review and bases for denial of amendment).

Although the district court properly dismissed Strohmeyer's equal protection claim because Strohmeyer failed to allege that he was discriminated against because of his membership in a protected class or that he was treated differently than similarly situated individuals without a rational basis, *see N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008); *Serrano*, 345 F.3d at 1082, the district court abused its discretion by dismissing this claim without leave to amend because it is not clear that amendment would be futile, *see AE*, 666 F.3d at 636.

The district court dismissed Strohmeyer's state law claims on the basis that Strohmeyer should pursue those claims in state court. Although the decision to decline supplemental jurisdiction over the state law claims was appropriate after all of the federal claims were dismissed, in light of our disposition, we vacate the district court's dismissal of the state law claims, and remand for the district court to

decide whether to exercise supplemental jurisdiction over these claims.

In sum, we affirm the dismissal of Strohmeyer's due process claim for unlawful deprivation of property, due process claim for the 2012 disciplinary hearing, and federal right to counsel claim, reverse the dismissal of Strohmeyer's deliberate indifference to safety claim, due process claim for the 2013 disciplinary hearing, and civil conspiracy claim, reverse the denial of leave to amend Strohmeyer's retaliation and equal protection claims, and vacate the dismissal of his state law claims, and remand for further proceedings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**