**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUE DIAZ, | No. 16-15713 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-03111-EJD |
| v. | |
| M. PEREZ; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

California state prisoner Enrique Diaz appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging due process violations

in connection with his disciplinary hearings.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Diaz's due process claim for the loss of good time credits because Diaz's good-time credits were restored through the appeals process.  *See Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015) (no due process claim where any procedural error was corrected through the administrative appeal process).

However, Diaz alleged in his verified complaint that he was subjected to a 60-day term of segregation that materially differed from general population.  The district court did not evaluate Diaz's due process claim based on these allegations, and the record is insufficiently developed as to whether Diaz's term of segregation "impose[d an] atypical and significant hardship on [Diaz] in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Jackson v. Carey*, 353 F.3d 750, 755-57 (9th Cir. 2003) (explaining that the *Sandin* test requires a case-by-case consideration and reversing the district court's dismissal of the prisoner's due process claim).  Accordingly, we vacate the judgment in part, and remand for the district court to evaluate in the first instance whether Diaz's term of segregation implicated a liberty interest under *Sandin*.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

16-15713