**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

MINHNGA NGUYEN,

      Plaintiff-Appellant,

v.

THE BOEING COMPANY,

      Defendant-Appellee.

No.   18-36059

D.C. No. 2:15-cv-00793-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 9, 2020 [**]

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges

    Minhnga Nguyen appeals the district court's judgment in favor of Boeing

following a bench trial on her claims that she was terminated in violation of Title

VII and the Washington Law Against Discrimination for filing an internal

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discrimination complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's factual findings for clear error and the conclusions of law de novo. *United Steel Workers Local 12-369 v. United Steel Workers Int'l*, 728 F.3d 1107, 1114 (9th Cir. 2013). We affirm.

The district court properly applied the *McDonnell Douglas* shifting burdens test to plaintiff's retaliation claims. *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2003); *Cornwell v. Microsoft Corp.*, 430 P.3d 229, 234 (Wash. 2018). In addition, the district court's factual findings are well-supported by the record and not clearly erroneous.

To prove a causal link between her protected activity and termination, plaintiff needed to establish that her internal discrimination complaint was a substantial factor motivating her termination or the "but for" cause of her termination. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013); *Cornwell*, 430 P.3d at 235. Evidence at trial established that the manager who decided to fire plaintiff had hired plaintiff and did not know or suspect that plaintiff had filed an internal discrimination complaint when he made the decision to fire plaintiff. Therefore, plaintiff failed to establish an element of her prima facie case, a causal link between her discrimination complaint and her termination.

2

*Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982); *Cornwell*, 430 P.3d at 239.

Plaintiff also failed to prove that the specific and legitimate reasons that Boeing articulated for firing her were pretext for discrimination. Boeing presented well-documented evidence that plaintiff repeatedly refused to follow its polices and managers' directions for months before her termination. Plaintiff produced no direct evidence of discrimination and no specific and substantial indirect evidence of pretext. At most, plaintiff was terminated a month after she filed her internal discrimination complaint. But two of the three written warnings documenting plaintiff's failure to follow two different managers' directives were issued in March and July, months before plaintiff filed her October discrimination complaint. Plaintiff's subjective belief that she was treated differently from other engineers did not establish pretext. Plaintiff needed to prove that individuals outside of her protected class with similar jobs who repeatedly refused to follow managers' orders were not terminated. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). She did not present this evidence at trial. We agree with the district court that plaintiff failed to prove that Boeing's reasons for firing plaintiff were pretext for discrimination in this case.

Finally, plaintiff waived her challenge to the district court's reconsideration order by failing to argue in her opening brief that she sufficiently alleged any of the missing elements of the other claims raised in her third amended complaint. *Frank v. Schultz*, 808 F.3d 762, 763 n.3 (9th Cir. 2015). Plaintiff's argument that she proved the elements of these claims at trial lacks merit. The district court allowed plaintiff to prove other discrimination to establish pretext and did not err by holding that plaintiff failed to come forward with any concrete evidence of discrimination.

**AFFIRMED.**