**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL NEELY, an individual,

             Plaintiff-Appellant,

   v.

THE BOEING COMPANY, a corporation,

             Defendant-Appellee.

No.   19-35449

D.C. No. 2:16-cv-01791-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 10, 2020 [**]

Before: SCHROEDER, TROTT, and SILVERMAN, Circuit Judges

    Michael Neely appeals the district court's judgment in favor of Boeing in

Neely's action alleging that Boeing discriminated against him in violation of the

Age Discrimination in Employment Act (ADEA) and Washington Law Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Discrimination (WLAD); breached an employment contract; and retaliated against him in violation of the ADEA, WLAD, public policy, and various federal whistleblower statutes. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's dismissal and summary judgment orders de novo. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 994 (9th Cir. 2009); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008). We affirm.

The district court properly dismissed Neely's claims that Boeing violated the Sarbanes-Oxley Act and Dodd-Frank Act by firing him for complaining about safety issues. Regarding Sarbanes-Oxley, Neely failed to plead facts to show an objectively reasonable belief that his complaints "definitively and specifically relate[d] to" covered fraud. *Van Asdale*, 577 F.3d at 996-97, 1001 (listing the covered fraud and requiring an objectively reasonable belief that there was fraud that "approximate[s] the basic elements of" the covered fraud) (internal quotation marks omitted). Neely does not qualify as a whistleblower under Dodd-Frank because he did not file a securities complaint with the Securities and Exchange Commission prior to his termination. *See Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 778 (2018).

The district court did not err by dismissing the breach of contract claim. Neely failed to allege facts to establish that the documents attached to his

complaint created an employment contract. *Manzarek*, 519 F.3d at 1031 (noting that courts are not required to accept as true conclusory allegations contradicted by the relevant documents referenced in the complaint).

The district court properly granted summary judgment for Boeing on Neely's claims that he was terminated because of his age in violation of the ADEA or WLAD. For his direct evidence claim, Neely failed to directly tie his Alabama supervisor's alleged March 2015 discriminatory attitude to Neely's 2016 termination during the reduction in force (RIF). *France v. Johnson*, 795 F.3d 1170, 1173 (9th Cir. 2015). Neely was ranked lowest in the 2016 RIF because his Washington supervisors reported that Neely's inability to work with other workers and suppliers was impeding his ability to perform his job in Washington. For disparate treatment, Neely failed to establish that he was performing his job satisfactorily in light of the undisputed evidence that his personal skills were impeding his performance and that the problems continued after he was counseled by the Washington supervisors. *Cf. Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1208 (9th Cir. 2008) (holding that an individual who continues to violate company policy over an extended period of time after receiving a warning has not demonstrated satisfactory performance). In any event, Boeing came forward with specific and legitimate nondiscriminatory reasons for terminating Neely, a

3

reduction in force due to decreased funding and Neely's undisputed lack of personal skills, which gave him the lowest score among the engineers considered for termination. Neely failed to come forward with "specific and substantial" evidence that his termination during the RIF was a pretext for age discrimination. *Stegall v. Citadel Broad. Co.,* 350 F.3d 1061, 1066 (9th Cir. 2003) (listing the ways to prove pretext).

The district court properly granted summary judgment on Neely's retaliation claims. Even if Neely could prove a causal link between his discrimination complaints and the adverse employment actions,[1] Boeing came forward with specific nonretaliatory reasons for issuing the written warning and poor performance evaluation and terminating Neely in the RIF. For the written warning, Neely admitted that he violated the alcohol reimbursement policy a second time after being warned about the policy. The other three individuals who were warned did not violate the policy a second time. Neely's 2015 employment evaluation accurately reported that Neely's uncontested inability to work with others was interfering with his work in Washington. There was no evidence that the Washington supervisors, who were the source of the adverse performance

---

[1]*Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1188-89 (9th Cir. 2005) (finding no causal link where an adverse performance rating was accurate).

4

evaluation ratings, knew or suspected that Neely had filed an age discrimination complaint against his Alabama supervisor. Finally, Neely's undisputed inability to work with others gave him the lowest score among the engineers who were considered for termination during the RIF. Neely did not come forward with specific and substantial evidence that the nonretaliatory reasons given by Boeing were pretext for retaliation.

Neely waived his claim that Boeing fired him in violation of WLAD public policy by failing to address the claim in his opening brief filed with this court. *Frank v. Schultz*, 808 F.3d 762, 763 n.3 (9th Cir. 2015) (per curiam). We decline to consider Neely's argument that Boeing fired him in violation of public policy because he reported safety violations. He waived that claim in the district court. *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999).

**AFFIRMED.**