**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRISTIN DANTE KING, | No. 19-56470 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-09649-DOC-GJS |
| v. | |
| I. JAUREGUI, Correctional Officer; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 21, 2021**

Before: SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

California state prisoner Tristin Dante King appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

12(b)(6). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004). We affirm.

The district court properly dismissed King's due process claim related to the loss of good time credits because any procedural error was corrected through the administrative appeal process and King ultimately did not lose good time credits. *See Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015). As to the temporary loss of other privileges, King failed to allege facts sufficient to demonstrate the loss of those privileges implicated a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (a prisoner has no federal protected liberty interest when the sanction imposed neither extends the length of his sentence nor imposes an "atypical and significant hardship in relation to the ordinary incidents of prison life").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The California Attorney General's Office's motion to withdraw and correct the docket (Docket Entry No. 30) is granted.

**AFFIRMED.**

19-56470