NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 4 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS MORALES, | No.    18-15009 |
| Plaintiff-Appellant, | D.C. No. 5:11-cv-03901-EJD |
| v. | |
| MATTHEW CATE; G. D. LEWIS; P. T. SMITH; R. BELL; CLARK E. DUCART, Warden, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted January 13, 2022
Pasadena, California

Before:  WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,[**] District
Judge.
Partial Concurrence and Partial Dissent by Judge WALLACE

Plaintiff Jose Luis Morales appeals from the district court's order dismissing

his claims in a § 1983 action against officials of the Pelican Bay State Prison

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

("PBSP"). We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's dismissal of Morales's equal protection and due process claims. We vacate the judgment on Morales's Eighth Amendment claim and remand with instructions to grant leave to amend.

1. Morales alleges that the district court improperly dismissed, on claim preclusion grounds, his equal protection claim for damages under § 1983. Morales does not dispute that this claim meets the elements of claim preclusion under California law. Instead, he argues that California recognizes three exceptions to claim preclusion and that those exceptions apply here. We disagree.

*First*, Morales contends that because damages were not an available remedy in his state habeas proceedings, he should be allowed to seek damages in a subsequent § 1983 action. This argument for a "limited proceedings" exception is foreclosed by our decisions in *Gonzales v. California Department of Corrections*, 739 F.3d 1226 (9th Cir. 2014), and *Furnace v. Giurbino*, 838 F.3d 1019 (9th Cir. 2016). In those cases, we squarely held that a California habeas judgment has claim preclusive effect on a subsequent civil action for damages. *Gonzales*, 739 F.3d at 1231-32; *Furnace*, 838 F.3d at 1025. We rejected as "irrelevant" the fact that a plaintiff "could not have obtained damages in his prior habeas action." *Furnace*, 838 F.3d at 1025; *Gonzales*, 739 F.3d at 1232. Morales attempts to distinguish *Gonzales* and *Furnace* by pointing out that the petitioners in those

2

cases lost in their state habeas proceedings, whereas here, Morales won his state habeas case and now seeks only an additional remedy for the acknowledged violation. But this purported distinction lacks support in the caselaw: The reasoning in neither *Gonzales* nor *Furnace* suggests that the application of California's claim preclusion rule turns on whether the petitioner prevailed in the prior state habeas proceeding.

*Second*, Morales relies on California's declaratory relief exception to claim preclusion, which "carves out an exception to the bar of res judicata only where a plaintiff's initial action seeks *purely* declaratory relief." *Mycogen Corp. v. Monsanto*, 51 P.3d 297, 302 (Cal. 2002). We decline to read Morales's state habeas petition as requesting only declaratory relief. California's pre-printed habeas forms do not include a question asking the petitioner to specify a form of relief. Morales filled out this form, including the section titled "Grounds for Relief," and attached his prison grievance, in which he had requested that prison officials provide him access to outdoor recreation time. The state habeas court granted his petition and issued an order enjoining prison officials from denying him privileges based on his ethnicity and requiring instead that he be individually validated as a member or associate of a gang before any such restrictions were imposed. Morales has not provided a plausible theory explaining why he would have sought only declaratory relief, and we conclude that the better reading is that

the state habeas court granted him the injunctive relief that he requested.

*Third*, Morales argues that this case presents the "rare circumstances" in which "a final judgment may be denied claim preclusive effect when to do so would result in manifest injustice." *F.E.V. v. City of Anaheim*, 223 Cal. Rptr. 3d 213, 216 (Ct. App. 2017). But *Gonzales* and *Furnace* make clear that California has made a deliberate policy choice to afford claim-preclusive effect to habeas judgments and bar subsequent suits for damages. *See, e.g.*, *Gonzales*, 739 F.3d at 1231-32. We would undermine that policy choice if it applied the manifest injustice exception here.

2. Next, Morales argues that the district court erred in dismissing his due process claim alleging that Defendant Bell denied Morales an individualized hearing before subjecting him to lockdown conditions. Even if due process did require such an individualized hearing, Defendant Bell is entitled to qualified immunity because he did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known."[1] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Hayward v. Procunier*, 629 F.2d 599, 603 (9th Cir. 1980), we held that due process does not require prison officials to provide

---

[1] We reject Morales's argument that Defendant Bell waived his qualified immunity defense. Defendant Bell raised qualified immunity as soon as it became clear that he was the target of the due process claim—*i.e.*, after Morales amended his complaint to clarify which defendants denied him the individualized hearing. Therefore, the defense was timely raised.

prisoners with notice and a hearing before imposing a five-month lockdown like the one at issue here. We provided two bases for its holding. First, we concluded that the prisoners had not asserted a cognizable liberty interest. *Id.* at 601-02. Second, we concluded that due process does not require an individualized hearing when prisoners seek to challenge "a rule change of general applicability affecting an entire class of prisoners." *Id.* at 602-03 (quoting *Johnson v. Anderson*, 370 F. Supp. 1373, 1382 (D. Del. 1974)).

Morales argues that *Hayward* is no longer good law. To be sure, *Hayward*'s methodology for analyzing whether a plaintiff has asserted a cognizable liberty interest was subsequently undermined by the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995). But *Sandin* did not address the second, independent basis for *Hayward*'s holding. Without a case explicitly overruling that aspect of *Hayward*'s reasoning, Defendant Bell's conduct cannot be said to have violated any clearly established right, and the district court properly dismissed Morales's due process claim on qualified immunity grounds.

3. Finally, Morales argues that the district court erred in dismissing his Eighth Amendment claim. In his Amended Complaint, Morales argued that by virtue of his continuous lockdown, he was deprived of outdoor exercise time and access to basic hygiene supplies. We have previously held that these types of deprivations can violate the Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083,

5

1089-91 (9th Cir. 1996) (noting that "[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation" and that "[i]ndigent inmates have the right to personal hygiene supplies such as toothbrushes and soap").

The district court correctly determined, however, that Morales failed to allege the element of "deliberate indifference" with enough specificity to survive dismissal. The Amended Complaint alleged:

> At plaintiff's annual review, he appeared before Captain Bell. Plaintiff asked Bell why he was placed on lockdown if he had been disciplinary [sic] free. Bell responded that he could [do] what he wanted and did not care what the courts have said when plaintiff attempted to cite precedent to make his point of being deprived unconstitutionally of rights and privileges. Bell decided to continue to house plaintiff on B-facility.

Although this allegation, if true, establishes Defendant Bell's subjective awareness and conscious disregard of at least some of Morales's allegations, it is not clear from the face of the Amended Complaint whether Defendant Bell was specifically aware of the Eighth Amendment deprivations themselves (or only, for example, of the equal protection violation or the alleged due process violation). Accordingly, the district court did not err in concluding that Morales failed to state an Eighth Amendment claim.

We conclude, however, that the district court erred in failing to grant Morales leave to amend. "[D]ismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by

6

amendment or after the pro se litigant is given an opportunity to amend." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995)). The record makes clear that amendment would not be futile in this case, because in earlier filings Morales did allege that Bell had awareness of the lockdown conditions, including the deprivations of outdoor exercise time and basic hygiene materials. To the extent that the district court relied on Morales's purported delay in asserting the claim, the district court erred. Contrary to the district court's indication, Morales did not assert this claim for the first time in his opposition to the motion to dismiss. Rather, in his original complaint, Morales asked the district court to take judicial notice of his state habeas records, which he attached in full and which explicitly alleged an Eighth Amendment violation. Accordingly, Morales should have been given leave to cure the deficiency in his allegation of deliberate indifference.

We affirm the district court's dismissal of Morales's equal protection and due process claims. We vacate the judgment on Morales's Eighth Amendment claim and remand to the district court with instructions to grant Morales leave to amend that claim.

**AFFIRMED in part, VACATED in part, and REMANDED.** Each party shall bear its own costs.

7

*Morales v. Cate*, Case No. 18-15009

WALLACE, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority's decision affirming the district court's dismissal of Morales's equal protection and due process claims. I disagree, however, with the majority's decision vacating the judgment on Morales's Eighth Amendment claim and remanding to the district court with instructions to grant Morales leave to amend.

Morales did not request leave to amend in his opening or reply briefs. Morales thus forfeited this issue on appeal because we do "not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." *Young v. Hawaii*, 992 F.3d 765, 780 (9th Cir. 2021) (citation omitted); *see also Frank v. Schultz*, 808 F.3d 762, 763 n.3 (9th Cir. 2015) ("[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived") (citation omitted).

Therefore, I would affirm the district court's dismissal of Morales's Eighth Amendment claim and would not consider whether the district court erred by not granting Morales leave to amend.