**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK E. LEONARD, | No. 21-16225 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-02004-WBS-CKD |
| v. | |
| G. CASILLAS; A. SHAHID; P. FOSTER; SPECIAL APPEARANCE, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted June 15, 2022**

Before:     SILVERMAN, WATFORD, and FORREST, Circuit Judges.

California state prisoner Frederick E. Leonard appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging due process and retaliation claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's ruling

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

on cross motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendant Casillas because Leonard failed to exhaust his administrative remedies as to his retaliation claim against Casillas and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (once the defendant has carried the burden to prove there was an available administrative remedy, the burden shifts to the plaintiff to produce evidence showing that administrative remedies were effectively unavailable to him).

The district court properly granted summary judgment for defendants Shahid and Foster because, in light of the fact that Leonard's good time credits were restored, Leonard failed to raise a genuine dispute of material fact as to whether his due process rights were violated or whether Shahid or Foster retaliated against him. *See Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (to establish retaliation, a plaintiff must show a nexus between the defendant's actions and an intent to chill speech); *Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir.

2015) ("The district court properly granted summary judgment on Frank's due process claim because, as our sister circuits have recognized, any procedural error was corrected through the administrative appeal process, and Frank ultimately did not lose any good time credits.").

**AFFIRMED.**