NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY WILLIAM MONICAL, | No. 21-35861 |
| Plaintiff-Appellant, | D.C. No. 6:18-cv-02214-YY |
| v. | |
| JEREMY M. NOFZIGER; R. FOSS; CRAIG PRINS; CHERYL LENEX; J. ROCHESTER; JUDY GILMORE; MICHEAL GOWER; TAYLOR; JOHN DOE, 1-3, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding**

Submitted March 14, 2023***

Before:     SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Oregon state prisoner Bradley William Monical appeals pro se from the

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's summary judgment and dismissal order in his 42 U.S.C. § 1983 action alleging equal protection, conditions-of-confinement, access-to-courts, First Amendment retaliation, and due process claims. We review de novo. *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018) (summary judgment); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Monical's due process claims relating to the March 16, 2017 disciplinary hearing because Monical failed to raise a genuine dispute of material fact as to whether defendants failed to afford him all the process that he was due. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974) (setting forth due process requirements in prison disciplinary proceedings and explaining that prison authorities have discretion "to keep the hearing within reasonable limits," including refusing to call witnesses, "whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases").

The district court did not abuse its discretion by granting defendants' motion to stay discovery pending the outcome of the summary judgment motion because Monical did not demonstrate how his failure to obtain discovery resulted in "actual and substantial prejudice." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)

(setting forth standard of review for district court's discovery rulings, and explaining that the district court's discretion to deny discovery "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Monical's contention that his requests for admission were deemed admitted.

The district court properly dismissed Monical's access-to-courts and equal protection claims, and his due process claims regarding the January 2, 2017 disciplinary hearing and administrative segregation, because Monical failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (equal protection "class of one" claim requires alleging that plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"); *Superintendent*, 472 U.S. at 455 (requirements of due process are satisfied if "some evidence" supports the disciplinary decision); *Wolff*, 418 U.S. at 564-71 (prison disciplinary hearing due process requirements); *Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015) (administrative reversal may cure due process violations); *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (a

21-35861

failure to show that a non-frivolous legal claim has been frustrated is fatal to an access-to-courts claim); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (setting forth requirements for equal protection discrimination claim based on membership in a protected class); *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (requirements for placement in administrative segregation), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The district court dismissed Monical's conditions-of-confinement claim at the screening stage for failure to state a plausible claim. However, Monical alleged that, despite requests for appropriate footwear, he was provided only foam shower shoes two sizes too large, which limited his ability to exercise outdoors and caused injuries. Liberally construed, these allegations are "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d. 1113, 1116 (9th Cir. 2016); *see also Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (explaining that "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' . . . when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise").

The district court also dismissed Monical's First Amendment retaliation claim at the screening stage for failure to state a plausible claim. However, Monical alleged that, after he filed a grievance against defendant Rochester for

failing to provide enough paper for pleadings, Rochester instructed prison officials to toss his cell, and those officials read his legal papers, destroyed all of his case files, threw his folders into the hallway, and mixed his legal papers together, tearing some. After the search, those officials told him: "that will teach you about your rights to paper . . . ." Monical alleged that this incident was intended to dissuade prisoners from filing grievances about the denial of paper, and that it prevented him from filing future requests for paper out of fear of reprisals. Liberally construed, these allegations are also "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm*, 680 F.3d at 1116; *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim and noting that the relevant question is whether defendants' actions would have chilled "a person of ordinary firmness from future First Amendment activities").

In sum, we affirm summary judgment and the dismissal of Monical's access-to-courts, equal protection, and due process claims, reverse the dismissal of Monical's conditions-of-confinement and First Amendment retaliation claims, and remand for further proceedings.

Monical's motion for appointment of counsel is denied.

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

5                                                                                              21-35861