**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAUL PELAYO, | No. 22-15223 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-04135-RS |
| v. | |
| B. GREER; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted June 2, 2023[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Saul Pelayo appeals pro se from the district court's summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's summary judgment de novo. *See Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pelayo's retaliation claims fail as the Appellees' actions in disciplining Pelayo for perceived sexual misconduct reasonably advanced a legitimate correctional goal. *See Mauro v. Arpaio*, 188 F.3d 1054, 1059 (9th Cir. 1999) (holding that "reducing sexual harassment of prison employees is a legitimate penological interest"). Moreover, Pelayo failed to establish that the Appellees acted out of retaliation. *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient.").

Pelayo's due process claims also fail. Even if there was any procedural error in Pelayo's first disciplinary hearing, the prison corrected this error by vacating that hearing and holding a second disciplinary hearing. *See Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015) (holding that a prisoner has no due process claim where "any procedural error was corrected through the administrative appeal process"). Nor was Pelayo denied due process when certain witnesses and questions were excluded during the second disciplinary hearing, as Pelayo has not established how the excluded witnesses and questions were relevant. *See Baxter v. Palmigiano*, 425 U.S. 308, 321 (1976) (holding that prison disciplinary officers can exclude irrelevant evidence and witnesses). Last, Pelayo was not denied due process during the investigation of his filed grievances, as there is no due process right to "a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

**AFFIRMED**.

2