**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA LILIA MURGA-LOPEZ; MARTIN ROMERO-REYES; JESUS EDUARDO ROMERO-MURGA; OSCAR URIEL ROMERO-MURGA,<br><br>        Petitioners,<br><br> v.<br><br>PAMELA BONDI, Attorney General,<br><br>        Respondent. | No. 23-3563<br><br>Agency Nos.<br>A209-168-636<br>A209-168-675<br>A209-168-676<br>A209-168-637<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2025[**]
Phoenix, Arizona

Before: HAWKINS, WALLACH[***], and R. NELSON, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Evan J. Wallach, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

Petitioners are natives and citizens of Mexico. They petition for review of their motion to reopen their waived CAT claim.[1] We review denials of motions to reopen for abuse of discretion. *See Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA did not abuse its discretion when it relied on waiver to deny the motion to reopen. *See INS v. Doherty*, 502 U.S. 314, 321–22 (1992). Petitioners did not challenge the BIA's earlier determination that they waived their CAT claim, and the BIA's subsequent reliance on that waiver finding is "a determination that even if" the requirements that permit the BIA to grant the motion "were satisfied, the movant would not be entitled to [a] discretionary grant of relief." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting *Doherty*, 502 U.S. at 323 (1992)).

**PETITION DENIED.**[2]

---

[1] Petitioners also sought reopening because they alleged their notices to appear were defective, but do not pursue that claim before us. This argument is therefore forfeited. *See Frank v. Schultz*, 808 F.3d 762, 763 n.3 (9th Cir. 2015).

[2] Petitioners' motion to stay removal, Dkt. 12, is denied as moot.