Filed 4/24/26  P. v. Jackson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085641 |
| v. | (Super.Ct.No. CR69388) |
| JONATHAN KEITH JACKSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Samah Shouka, Judge.
Dismissed.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and
Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney
General, James William Bilderback II, Assistant Attorney General, Holly D. Wilkens and
Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Jonathan Keith Jackson filed a petition for resentencing pursuant to Penal Code section 1172.6,[1] which the court denied. On appeal, defendant contends the court erred in denying his petition. We dismiss.

## I. PROCEDURAL BACKGROUND

On May 9, 1999, a jury found defendant guilty of first degree murder (§ 187, count 1); willful, deliberate, and premeditated attempted murder (§§ 664, 187, count 2); and being a felon in possession of a firearm (former § 12021, subd. (a)(1), count 3). The jury also found true allegations that defendant inflicted great bodily injury upon the attempted murder victim (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)), personally used a handgun in the commission of the murder and attempted murder (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)), and that a principal was armed with a handgun in the commission of the murder (§ 12022, subd. (a)(1)). The jury additionally found true a special circumstance allegation that defendant committed the murder while engaged in the commission of a robbery or attempted robbery (former § 190.2, subd. (a)(17)(i)). (*People v. Jackson* (2014) 58 Cal.4th 724, 731-732 (*Jackson I*); *People v. Jackson* (July 24, 2020, E073960) [nonpub. opn.] (*Jackson II*); *People v. Jackson* (July 26, 2023, E079526) [nonpub. opn.] (*Jackson III*); *People v. Jackson* (Dec. 11, 2025, E083072) [nonpub. opn.] (*Jackson IV*).)

Thereafter, the court determined that defendant had suffered a prior serious felony conviction (§ 667, subd. (a)), a prior prison term (§ 667.5, subd. (b)), and a prior strike

---

[1] All further statutory references are to the Penal Code.

conviction (§§ 667, subds. (c), (e), 1170.12, subd. (c)). The jury returned a verdict of death on the murder conviction. (§ 1239, subd. (b).) (*Jackson I, supra*, 58 Cal.4th at p. 732 & fn. 2; *Jackson II, supra*, E073960; *Jackson III, supra*, E079526; *Jackson IV, supra*, E083072.)

The court imposed an indeterminate sentence of death on the murder offense; the court imposed a consecutive sentence of life with the possibility of parole on the attempted murder offense, but stayed that sentence. The court imposed but stayed all attached enhancements, including the prior prison term enhancement and stayed sentence on the count 3 offense. (*Jackson IV, supra*, E083072.)

On automatic appeal to the California Supreme Court, that court affirmed the judgment. (*Jackson, supra*, 58 Cal.4th at p. 732; *Jackson II, supra*, E073960; *Jackson III, supra*, E079526; *Jackson IV, supra*, E083072.)

On January 7, 2019, defendant filed a petition for resentencing pursuant to former section 1170.95,[2] which the court denied. Defendant appealed. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. We affirmed. (*Jackson II, supra*, E073960.)

On July 5, 2022, defendant filed another petition pursuant to former section 1170.95, which the court denied. (*Jackson III, supra*, E079526.)

Defendant appealed contending the court erred in relying on the factual summary of the opinion in *Jackson I* in denying the petition. The People conceded the order

---

[2] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

denying the petition must be reversed and the matter remanded for further proceedings; however, the People requested that any remand be without prejudice to the People raising the issue of whether the only method of challenging the verdict was by way of a petition for writ of habeas corpus, since the court sentenced defendant to death. (§ 1509, subd. (a).) We reversed and remanded but agreed with the People that they could raise the issue of whether defendant was required to proceed by way of habeas corpus on remand. (*Jackson III*, *supra*, E079526.)

On December 21, 2023, the court found defendant ineligible for resentencing pursuant to section 1172.75 and denied defendant's "motion." The court vacated the previous sentence on defendant's prior prison term, imposed a one-year sentence, and then struck punishment on the enhancement. (*Jackson IV*, *supra*, E083072.)

Defendant appealed. We affirmed the court's order because defendant's judgment had included a prior prison term upon which the court stayed punishment; thus, we held that since defendant was not serving a term of imprisonment for the enhancement, he was not entitled to a full resentencing hearing.[3] (*Jackson IV*, *supra*, E083072.)

---

[3] The People alternatively argued that defendant was ineligible for resentencing because he was under a judgment of death. We assumed for purposes of the appeal that section 1172.75 could potentially apply but found that defendant was ineligible because the court had stayed imposition of punishment on the enhancement. We noted that the legislative purposes of section 1172.75 would not be furthered by permitting resentencing where the court did not execute sentence on the section 667.5, subdivision (b) enhancement. We further observed this was "especially true here, where the court sentenced defendant to death, and the California Supreme Court affirmed that judgment. (*People v. Jackson*, *supra*, 58 Cal.4th at p. 732.)" (*Jackson IV*, *supra*, E083072.)

On September 3, 2025, the California Supreme Court issued an order directing us to vacate our decision in *Jackson IV* and reconsider the cause in light of *People v. Rhodius* (2025) 17 Cal.5th 1050. The People contended defendant remained ineligible for resentencing pursuant to section 1172.75 because he was under a judgment of death. We reversed and remanded the matter with directions to hold a full resentencing hearing on the noncapital portions of defendant's sentence. (*Jackson IV*, *supra*, E083072.)

On January 3, 2025, on remand from *Jackson III*, the court denied defendant's second former section 1170.95 petition. The court cited this court's opinion in *People v. Thompson* (2024) 106 Cal.App.5th 101 (*Thompson*), noting that "if the death penalty case is on direct appeal, then we would need a remittitur before we can do anything. The trial court would have no jurisdiction. [¶] Once the direct appeal has been handled and affirmed, then this court might have jurisdiction." The court noted that otherwise, defendant would have to file a petition for writ of habeas corpus.

## II. DISCUSSION

Defendant contends the court erroneously denied his petition based on *Thompson* because *Thompson* was wrongly decided. Specifically, defendant maintains that a petition pursuant to section 1172.6 is not a collateral attack governed by section 1509 and that, even if it is a collateral attack, section 1509 "does not dictate the exclusive method of postconviction relief for death-sentenced individuals."

The People argue the appeal should be dismissed because this court has no jurisdiction since section 1509 "provides the sole and exclusive avenue for capital

5

defendants to collaterally attack their judgments."[4]  We agree with *Thompson* and the People; therefore, we dismiss the appeal.

"Senate Bill [No.] 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of" theories under which malice is imputed to a person based on that person's participation in a crime "to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*).)

"Senate Bill [No.] 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.]  Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill [No.] 1437 [citation]." (*Strong*, *supra*, 13 Cal.5th at p. 708, fn. omitted.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the

---

**4**  The People filed a motion to dismiss the appeal, which we denied "without prejudice to respondent raising the arguments in the respondent's brief."  Because we follow *Thompson*, we grant the People's motion to dismiss.

petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.)

In November 2016, California voters approved Proposition 66, the "Death Penalty Reform and Savings Act of 2016." (*Briggs v. Brown* (2017) 3 Cal.5th 808, 822 (*Briggs*).) Section 1509 was enacted pursuant to Proposition 66. (*Thompson*, *supra*, 106 Cal.App.5th at p. 119.) Section 1509 provides that a "writ of habeas corpus pursuant to this section is the exclusive procedure for [a] collateral attack on a judgment of death." (§ 1509, subd. (a).)

"[A] capital defendant is entitled to seek resentencing relief under section 1172.6, absent an expression of legislative intent to limit resentencing relief to noncapital defendants, but . . . the requested relief must be presented in a petition for writ of habeas corpus pursuant to section 1509, to comply with the mandate of Proposition 66." (*Thompson*, *supra*, 106 Cal.App.5th at pp. 118-119.)[5]

"Section 1509 is an initiative statute which prohibits a capital defendant from bringing postconviction collateral challenges by a procedural vehicle other than a petition for writ of habeas corpus under section 1509, as required by Proposition 66."

---

[5] In *Thompson*, the People agreed the matter should be remanded but asserted the issue should have been raised by a petition for writ of habeas corpus. (*Thompson*, *supra*, 106 Cal.App.5th at pp. 118-119.) The *Thompson* court remanded the matter "to the superior court with directions to vacate the trial court's ruling on defendant's section 1172.6 petition, without prejudice to defendant to file a petition for writ of habeas corpus per section 1509, seeking resentencing as provided in section 1172.6." (*Id*. at p. 131.) Here, the People contend the appeal should be dismissed. We agree with the People.

7

(*Thompson*, *supra*, 106 Cal.App.5th at p. 123; see *People v. Wilson* (2024) 16 Cal.5th 874, 955, 958 [Defendants under judgment of death may raise issues under the Racial Justice Act but must do so by way of petition for writ of habeas corpus]; see *People v. Dixon* (2025) 112 Cal.App.5th 236, 249 (*Dixon*), review granted Oct. 22, 2025, S292223 ["Interpreting section 1172.75 to allow resentencing on a death sentence would authorize what Proposition 66 prohibits: a collateral attack on a judgment of death by a procedural vehicle other than a writ of habeas corpus under section 1509"]; see *People v. Millsap* (2025) 114 Cal.App.5th 368, 381 (*Millsap*) [The exclusive means of attacking an indivisible judgment that included death was the direct, automatic appeal to the California Supreme Court and/or the filing of a petition for writ of habeas corpus].)

"It is not only the death sentence, but also all capital and noncapital convictions and the sentences imposed within the judgment, that fall under the jurisdiction of the Supreme Court." (*Millsap*, *supra*, 114 Cal.App.5th at p. 378 [With respect to section 1172.75 proceedings].) "[T]he capital judgment over which the Supreme Court has exclusive jurisdiction is indivisible and includes convictions and sentences for noncapital as well as capital offenses." (*Id.* at p. 383; contra, *Dixon*, *supra*, 112 Cal.App.5th at p. 240 [court could resentence the defendant pursuant to section 1172.75 "on the noncapital portions of his sentence but not on the death sentence"]; *People v. Cain* (2025) 116 Cal.App.5th 917, 922 (*Cain*) [same], review granted Feb. 18, 2026, S294810.)[6]

---

[6] Both *Millsap* and *Dixon* involved cases in which the defendants' death judgments were still under review by the California Supreme Court. (*Millsap*, *supra*, 114 Cal.App.5th at p. 373; *Dixon*, *supra*, 112 Cal.App.5th at p. 239.) Like the defendant in

*[footnote continued on next page]*

"[A] collateral attack is any procedural challenge that does not constitute a direct attack. [Citation.] For example, a proceeding brought for some purpose other than specifically attacking the judgment. [Citation.]" (*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1327 (*OC*).) "'A collateral attack is an attempt to avoid the effect of a judgment or order made in some other proceeding.' [Citation.]" (*F.E.V. v. City of Anaheim* (2017) 15 Cal.App.5th 462, 471 (*F.E.V.*).)

We agree with *Thompson*. Here, defendant's request for resentencing pursuant to section 1172.6 is "a proceeding brought for some purpose other than specifically attacking the judgment. [Citation.]" (*OC*, *supra*, 7 Cal.App.5th at p. 1327.) Defendant is not contending that the judgment was unsupported when rendered. Rather, it is "'"an attempt to avoid the effect of a judgment or order made in some other proceeding.' [Citation.]" (*F.E.V.*, *supra*, 15 Cal.App.5th at p. 471.) Defendant argues that he should be resentenced not because the judgment was unsupported but because subsequently ameliorative provisions should apply. Thus, defendant's petition is a collateral attack to which section 1509 applies.

Therefore, defendant should have filed a petition for writ of habeas corpus. Thus, we dismiss the appeal. (See *Thompson*, *supra*, 106 Cal.App.5th p. 131.)

---

*Cain*, the California Supreme Court has already affirmed defendant's judgment of death. (*Cain*, *supra*, 116 Cal.App.5th at p. 922; *Jackson I*, *supra*, 58 Cal.4th at p. 732.)

9

## III.  DISPOSITION

The appeal is dismissed.  (See *Thompson*, *supra*, 106 Cal.App.5th at p. 131.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

RAMIREZ

P. J.

MENETREZ

J.